DAVID LEE BELL ET AL., PETITIONER AND RESPONDENT, *v.* DE-
PARTMENT OF LICENSING ET AL., RESPONDENTS AND AP-
PELLANTS.

No. 14026.

Submitted Feb. 7, 1979.

Decided April 30, 1979.

594 P.2d 331.

Alan Jòscelyn (argued), Helena, for appellants.

Dennis Lind (argued), Missoula, for respondents.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

The Montana Board of Barbers and the Department of Profes-
sional and Occupational Licensing appeal from an adverse deci-
sion entered August 15, 1977, in the District Court, Lewis and
Clark County by the Hon. Gordon R. Bennett sitting without a

jury. Judge Bennett's decision invalidated section 40-3.18(6)-S18030(2)(e) of the Montana Administrative Code on the grounds that it was in excess of the Board's power and was therefore void and unenforceable.

The administrative rule under attack, section 40-3.18(6)-S18030(2)(e), provides in pertinent part:

"No barber college shall be approved by the Board unless a full time *instructor* is employed. There must be an instructor or an assistant in charge of each daily class . . ." (Emphasis added.)

Section 40-3.18(6)-S18030(2)(c) of the Montana Administrative Code complements section 40-3.18(6)-S18030(2)(e) by establishing that a person may qualify as an "instructor" by obtaining a score of 75% on an examination given by the Montana Board of Barbers.

The appellants argue that the instructor requirements and the examination requirement should be upheld because the Board of Barbers has been given the power to promulgate rules for the regulation of Montana barber colleges. Relying on this power to regulate, the appellants urge this Court to reverse the District Court and reinstate the stricken regulation.

After careful review, we find that appellants' position cannot be sustained and the District Court decision must be affirmed.

"Administrative agencies, of course, have only those powers specifically conferred upon them by the legislature." *Anaconda Co. v. Dept. of Revenue* (1978), 178 Mont. 254, 583 P.2d 421; See also: *Polson v. Public Service Commission* (1970), 155 Mont. 464, 473, P.2d 508. In the present case, section 66-409(5), R.C.M.1947, now section 37-30-203(2) MCA, allows the Board of Barbers to adopt "rules for the administration" of the chapters dealing with barbers, barber shops and barber colleges. However, section 66-409, does not give the Board any power to change the impact of a legislative enactment. The Arizona Court has held:

"It is fundamental in administrative law that an administrative agency or commission must exercise its rule-making authority within the grant of legislative power as expressed in the enabling statutes. Any excursion by an administrative body beyond the

legislative guidelines is treated as an usurpation of constitutional powers vested only in the major branch of government." *Smith v. Industrial Commission* (1976), 113 Ariz. 304, 552 P.2d 1198, 1200; *Swift and Co. v. State Tax Commission* (1969), 105 Ariz. 226, 462 P.2d 775, 779.

The courts have uniformly held that administrataive regulations are "out of harmony" with legislative guidelines if they: (1) "engraft additional and contradictory requirements on the statute"; *State of Montana ex rel. Charles W. Swart v. Casne* (1977), 172 Mont. 302, 564 P.2d 983; or (2) if they engraft additional, noncontradictory requirements on the statute which were not envisioned by the legislature; *Arizona State Board of Funeral Directors v. Perlman* (1972), 108 Ariz. 33, 492 P.2d 694.

In the present case, sections 40-3.18(6)-S18030(2)(c) and (e) of the Montana Administrative Code clearly do not contradict any specific legislation, however, they do engraft additional requirements which were not envisioned by the legislature. The legislative enactments dealing with barber colleges do not make any mention of an instructor's examination, nor do they intimate that a barber must pass an examination before he may teach at a barber college. The statutes merely require that a barber college operator satisfy *two* personal requirements: (1) he must have ten years of experience as a barber (section 66-403(8), R.C.M.1947, now section 37-30-404(1) MCA); and (2) he must be able to withstand an investigation by the Board as to his character (section 66-403(9), R.C.M.1947, now section 37-30-402 MCA). Compliance with these rules established by the legislature entitle a barber to operate a properly furnished barber college. Any additional administrative requirements, such as those found in sections 40-3.18(6)-S18030(2)(c) and (e), are beyond the scope of the Board's power, and are therefore void and unenforceable.

For the foregoing reasons, the judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL, and JUSTICES DALY, HARRISON and SHEA concur.