No. 79-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

TERRY BALDWIN,

Plaintiff and Appellant,

vs.

ALAN STUBER,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable John McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Cameron Ferguson, Great Falls, Montana

For Respondent:

Thomas Baiz, Great Falls, Montana

---

Submitted on briefs: February 27, 1980

Decided: APR 2 9 1980

Filed: APR 2 9 1980

_Thomas J. Kearney_ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Terry Baldwin appeals from a judgment entered in his favor and against Allan Stuber. A judgment for the value of goodwill associated with a barbershop sale was entered by the District Court, Eighth Judicial District, Cascade County.

The facts giving rise to this cause are set forth in Baldwin v. Stuber (1979), ____ Mont. ____, 597 P.2d 1135, 36 St.Rep. 1170, and need not be exhaustively repeated here. Baldwin brought this cause against Stuber for breach of contract resulting from a contract of sale and purchase of Baldwin's barbershop business. Following judgment for Stuber, Baldwin appealed to this Court. We vacated the District Court's judgment and remanded the cause back to the District Court for a determination of the reasonable value of the goodwill associated with the shop's location. Baldwin v. Stuber, supra.

Upon remand, the District Court averaged Baldwin's net income from the barbershop for the years 1974, 1975 and 1976 arriving at a figure of $10,258.33. Since Baldwin rented the shop on a month to month tenancy at the time this cause arose, the District Court divided the average net annual income figure by twelve to arrive at a net income average for one month of $854.86. In addition, the only evidence of the amount of goodwill associated with the shop's location was Baldwin's testimony he lost thirty to forty per cent of his business when he changed locations. Consequently, the District Court multiplied the average net income figure for one month by forty per cent to arrive at a sum of $341.94 as the reasonable value of goodwill associated with the shop's location. Judgment for this amount was then entered in favor of Baldwin, and he filed a timely notice of appeal from the judgment.

-2-

The sole issue upon appeal is whether the District Court erred in determining the value of goodwill attributable to the shop's location. We hold that it did.

The goodwill of a business is the expectation of continued public patronage. Section 30-13-121, MCA. There is no immutable rule for determining the value of goodwill. Consequently each goodwill case must be determined on its own facts and circumstances, and the determination of the value of goodwill is a question for the trier of fact, the District Court here. Spheeris v. Spheeris (1967), 37 Wis.2d 497, 155 N.W.2d 130, 135.

Here, the District Court placed too much emphasis on the fact Baldwin held his shop under a month-to-month tenancy at the time this cause arose. Unquestionably, Baldwin's enjoyment of the shop under such an arrangement was subject to interruption at any time in the future, provided the proper statutory procedures were followed. However, from March 1974 until July 1, 1979, when Stuber surreptitiously procured a five year lease of the shop from the lessor, Baldwin held the shop under various rental arrangements. There is no indication in the record that the lessor was dissatisfied with Baldwin as a tenant. Similarly, there is no indication the lessor would not have been willing to give Baldwin a five-year lease of the shop. Accordingly, the District Court improperly restricted the reasonable value of goodwill associated with the shop's location to a one month period.

While there is no rigid rule for determining the value of goodwill, the best indicator is the purchase price agreed upon in a voluntary arm's length transaction. Spheeris v. Spheeris, supra. Here, Baldwin and Stuber executed a selling

-3-

agreement on March 8, 1977. As we noted in Baldwin's first appeal, an implied contract was created between Baldwin and Stuber. Baldwin v. Stuber, supra, 36 St.Rep. at 1175. Under this contract, Baldwin agreed to sell his barbershop business to Stuber for $7,000. The three elements comprising this purchase price were the goodwill associated with the shop's location, Baldwin's furniture and fixtures and the shop's telephone connection.

After learning that Stuber surreptitiously signed a new lease of the shop's location with the lessor, Baldwin went to the shop, removed all of his fixtures and furniture and disconnected the telephone. The value of these items was $3,000. Thus, Baldwin's recovery should be limited to a base contract price of $4,000. Moreover, the only evidence of the amount of goodwill associated with the shop's location was Baldwin's testimony concerning a loss of thirty to forty percent of his customers due to the change in location. Therefore, we hold Baldwin should have judgment against Stuber in the amount of $1,600 which represents the value of goodwill attached to the shop's location.

The judgment of the District Court is reversed, and the cause is remanded to the District Court with the directions to make findings and enter judgment consonant with this opinion. Costs to appellant.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-