No. 81-51

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ARCHIE W. McPHAIL,

Plaintiff and Appellant,

vs.

MONTANA BOARD OF PSYCHOLOGISTS of the
Montana Department of Professional and
Occupational Licensing, State of Montana,

Defendants and Respondents.

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis and Clark
Hon. James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Scribner, Huss & Hjort, Helena, Montana
Barry Hjort argued, Helena, Montana

For Respondents:

Daniel G. Diemert argued, Helena, Montana

Submitted: October 23, 1981

Decided: FEB 11 1982

Filed FEB 11 1982

Thomas J. Kearney
_____ Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff (and appellant) Archie W. McPhail, filed an action in District Court, Lewis and Clark County, asking the court to declare invalid a rule promulgated by the Montana Board of Psychologists, and asking that the court order the board to issue him a license to practice psychology. On appeal, McPhail contends that a rule adopted and applied by the board engrafts an additional requirement on the psychologist licensure statutes that was not envisioned by the legislature, and is therefore invalid. We agree. We reverse the judgment of the District Court.

McPhail has been employed on a fulltime basis as a psychologist supervisor at Warm Springs State Hospital since 1970 and is also engaged in the private practice of psychology as an independent counselor. He received his masters degree in psychology in May 1971. The Montana legislature enacted the Psychologists Licensure Act that same year. The act provided a comprehensive licensure procedure for psychologists practicing in the state, and created the Montana Board of Psychologists to administer examinations and issue licenses to qualified psychologists wishing to practice within the state.

The act required that persons wishing to practice psychology within the state pass an examination, possess a doctoral degree, and meet certain other prescribed requirements. See section 37-17-302, MCA. Before the enactment of the act, Montana had no standards regulating the practice of psychology. The act therefore contained a "grandfather clause" which applied to applicants for licensure who had

-2-

established psychology practices before the adoption of the act, and exempted them from the doctoral degree requirement of section 37-17-302. The grandfather clause, section 66-3208(4), R.C.M. 1947, provided:

"(4) Prior to January 1, 1973, a license may be issued to an individual who has been a resident of the State for at least one (1) year and who holds a master's degree from an accredited college or university based on a program which is primarily psychological, and in addition has had five (5) years of professional experience satisfactory to the Board, provided he has met the requirements of Paragraphs (a) (b) (c) of Subsection (2) of this Section."

Acting under its rulemaking powers, granted by section 37-7-202(1), MCA, the board adopted rule 40-3.90(6)-S90090 (2)(f) M.A.C., which provides in part:

"Applicants who meet the qualifications for licensure as described in Section 66-3208 must have all five (5) years of qualified professional experience obtained after receiving the Master's Degree . . ."

McPhail's application for a license under the grandfather clause was rejected by the board solely because he did not have the required five years experience _after_ obtaining his masters degree. McPhail sought judicial review of the board's decision in the District Court of Lewis and Clark County in December 1973. No further action having been taken in that case, the cause was dismissed with prejudice on May 10, 1978. After dismissal of the action, the parties attempted to negotiate their differences, apparently without success. Early in 1979, the board sent a letter to the county attorney of Deer Lodge County stating that McPhail was engaged in the unauthorized practice of psychology, and referred the matter for "possible criminal proceedings." On May 25, 1979, McPhail filed the present action. The board sought dismissal of the action on the grounds that the prior dismissal of

-3-

McPhail's suit barred any subsequent legal action under the doctrine of res judicata. The District Court ruled that res judicata did not bar this action, and the board has not cross-appealed that ruling.

Because he established his practice before the act became effective, McPhail had some kind of right to pursue his profession. The legislature obviously recognized such a right by including a grandfather clause within the act. The purpose of section 66-3208(4), R.C.M., was to exempt practicing psychologists from the newly-enacted licensure requirements if they met other, less restrictive requirements. McPhail contends that he was qualified for licensure under the grandfather clause but his application was denied solely on the basis of the board's rule requiring five years experience after obtaining his master's degree. We hold that the rule is invalid because it is out of harmony with the grandfather clause.

In Brd. of Barbers v. Big Sky College Etc. (1981), ___ Mont. ___, 626 P.2d 1269, 38 St.Rep. 621; and Bell v. Dept. of Licensing (1979), ___ Mont. __, 594 P.2d 331, 36 St.Rep. 880, we held that administrative rules must be strictly confined within the applicable legislative guidelines. In Bell, this Court reviewed rules promulgated by the Board of Barbers requiring all barber colleges to employ a fulltime "instructor," who must achieve a certain minimal percentage score on an examination. This Court held that such rules were invalid because they exceeded the express grant of rulemaking authority conferred upon the board by statute. "Administrative agencies, of course, have only those powers specifically conferred upon them by the legislature." 594 P.2d at 332. Any rule promulgated

by an administrative agency that is "out of harmony" with the enabling statute will be void. In <u>Bell</u>, we said:

> "The courts have uniformly held that administrative regulations are 'out of harmony' with legislative guidelines if they: (1) 'engraft additional and contradictory requirements on the statute' (citing cases); or (2) 'if they engraft additional, non-contradictory requirements on the statute which were not envisioned by the legislature.' (citing cases)." 594 P.2d at 333.

In <u>Brd. of Barbers</u>, we considered a factual situation somewhat similar to the present case. In that case, the statute provided that an applicant serve a one-year apprenticeship before being eligible for licensure as a barber. By rule, the board added to this statutory condition a requirement that the one year apprenticeship must include at least six months in a "commercial barbershop." We held that the rule imposed an additional requirement not envisioned by the legislature and was invalid.

Similarly, courts in other states have stricken administrative rules which have added conditions for licensure under grandfather clauses. See Bloom v. Texas State Bd. of Exam. of Psychologists (Tex. 1973), 492 S.W.2d 460; and Whittle v. St. Bd. of Examiners of Psychologists (Okla. 1971), 483 P.2d 328.

The board here has promulgated a rule clearly imposing an additional requirement not envisioned by the legislature. The statute requires a master's degree and five years of professional experience, and prescribes no chronological order in which these requirements must be met. The legislature knew how to prescribe such a chronological order. In section 37-17-302(2)(e), which deals with the qualifications of applicants not within the grandfather clause, the <u>statute</u> requires two years of professional experience and that "One

year of this experience shall be post doctoral." The legislature clearly chose not to impose a chronological requirement in the grandfather clause.

The board is statutorily charged with reviewing the character of an applicants professional experience. In its reliance upon this rule, the board failed to examine the character of McPhail's experience. Instead, it denied him a license by promulgation of a rule "out of harmony" with the grandfather clause.

We reverse the judgment of the District Court and order that the case be remanded to the board so that it may consider McPhail's application on the merits of his professional experience both before and after he received his master's degree.

_Daniel J. Shea_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John C. Sheehy_

_Justices