DA 12-0768

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 273

GOLD CREEK CELLULAR OF MONTANA
LIMITED PARTNERSHIP d/b/a VERIZON
WIRELESS and AT&T MOBILITY, LLC,

        Plaintiffs and Appellees,

  v.

STATE OF MONTANA, DEPARTMENT
OF REVENUE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 11-154
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            C. A. Daw, David R. Stewart, Courtney Jenkins, Special Assistant Attorneys
General, Montana Department of Revenue, Legal Services Office; Helena,
Montana

        For Appellees:

            Richard G. Smith; Hawley Troxell Ennis & Hawley, LLP; Boise, Idaho
(*Counsel for Appellee AT & T Mobility*)

            Terry B. Cosgrove; Murry Warhank; Gough, Shanahan, Johnson &
Waterman; Helena, Montana (*Counsel for Appellee Verizon*)

                       Submitted on Briefs:  August 28, 2013
                                  Decided:  September 24, 2013

Filed:

                  _____
                             Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Plaintiffs Gold Creek Cellular and AT&T Mobility (Plaintiffs) brought this action for declaratory judgment alleging that the Department of Revenue's (Department) regulations Admin. R. M. 42.22.101(12), 42.22.101(10), and 44.22.109, were invalid. Judge James Reynolds granted summary judgment to Plaintiffs. The Department of Revenue now appeals from this order.

## STATEMENT OF ISSUES

¶2 *Issue One: Did the District Court correctly conclude that the Department's regulation defining "goodwill" is invalid because it conflicts with § 15-6-218(2)(b), MCA?*

¶3 *Issue Two: Did the District Court correctly conclude that the Department's regulation defining "intangible personal property" is invalid because it conflicts with § 15-6-218(2)(a), MCA?*

¶4 *Issue Three: Did the District Court correctly conclude that the valuation manuals adopted by the Department are invalid to the extent they support its new rules?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Section 15-6-218, MCA, grants tax exemption to intangible personal property. Intangible personal property is defined as property that is not tangible and (a) has no intrinsic value but is the representative of value, or (b) property that lacks physical existence. Section 15-6-218(2), MCA. The statute includes a non-exhaustive list of common intangible personal property items, including "certificates of stock, bonds, promissory notes, licenses, copyrights, patents, trademarks, contracts, software, and franchises." Section 15-6-218(2)(a), MCA. The statute gives only one non-exhaustive example of intangible property

2

that lacks physical existence, "goodwill," but does not define the term anywhere in Title 15, MCA.

¶6 The Department of Revenue implements this statute with Admin. R. M. 42.22.110. That administrative regulation provides default exemptions that a taxpayer may use when declaring certain intangible items as exempt. If taxpayers disagree with the default exemption, they may provide the Department with information supporting a higher exemption. Admin. R. M. 42.22.110(2).

¶7 In 2010, the Department made substantial changes to its regulations implementing § 15-6-218, MCA. The Department amended its definition of intangible personal property to include a requirement that the property "be separable from the other assets in the unit and capable of being held under separate title or ownership." Admin. R. M. 42.22.101(12). The regulation further required that the property be able to be bought and sold separate from the operating assets, that it be capable of earning income as a standalone entity, and also defined "intangible value" as separate from intangible property and non-exempt. Admin. R. M. 42.22.101(12). Finally, the Department defined "goodwill" as goodwill that can be calculated through the purchase price accounting method. Admin. R. M. 42.22.101(10). While the Department has used the purchase price accounting process for goodwill since 1999, this change in the definition of goodwill prohibits any other method for valuing this specific intangible. The Department also adopted tax assessment methods from the Western States Association of Tax Administrators Handbook (WSATA) and the National Conference

3

of Unit Value States (NCUVS) in conjunction with the regulations on goodwill and intangibles.

¶8 The District Court considered cross-motions for summary judgment concerning the validity of the Department's new regulations. The District Court granted Plaintiffs' motion upon concluding that the new definitions of intangibles and goodwill imposed additional and contradictory requirements on state law, and that the WSATA and NCUVS handbooks were invalid as applied to the new regulations. The Department now appeals from this order.

## STANDARD OF REVIEW

¶9 Whether an administrative regulation impermissibly conflicts with a statute is a question of law to be decided by the court. *Thompson v. J.C. Billion, Inc.*, 2013 MT 20, ¶ 11, 368 Mont. 299, 294 P.3d 397. We review a district court's conclusions of law to determine if they are correct. *Talon Plumbing & Heating v. Dept. of Lab. & Indus.*, 2008 MT 376, ¶ 19, 346 Mont. 499, 198 P.3d 213.

## DISCUSSION

¶10 The Department of Revenue argues that its interpretations of "intangible personal property" and "goodwill" are compatible with the statute, and at any rate, are entitled to administrative deference pursuant to *Chevron v. Nat. Resources Def. Council*, 467 U.S. 837, 104 S. Ct. 2778 (1984). Plaintiffs argue that *Chevron* deference applies only to a state or federal agency's implementation of federal law, or of state law companions to federal law.

¶11 When examining regulations from a state agency implementing purely state law, we have applied the standard of deference set forth in the Montana Administrative Procedures

4

Act (MAPA), § 2-4-305, MCA. *See Musselshell Co. v. Yellowstone Co.*, 2012 MT 292, 367 Mont. 350, 291 P.3d 579 (DOR implementing state tax on coal gross proceeds); *City of Great Falls v. Mont. Dep't of Pub. Serv. Reg.*, 2011 MT 144, 361 Mont. 69, 254 P.3d 595 (Public Service Commission implementing state Deregulation Act); *Fallon Co. v. State*, 2009 MT 454, 354 Mont. 347, 223 P.3d 886 (DOR implementing state tax). In contrast, we have only relied on *Chevron* deference when a federal or state agency interprets federal law or a state law companion to federal law. *See Thompson*, (State Department of Labor implementing federal Fair Labor Standards Act and Montana Wage Protection Act); *BNSF Ry. Co. v. Feit*, 2012 MT 147, ¶ 8, 365 Mont. 359, 281 P.3d 225 ("The Montana Legislature has indicated clear intent that the MHRA be interpreted consistently with federal discrimination statutes and case law."). Finally, our Legislature passed MAPA with the clear purpose to preserve legislative intent and to curb "the undisciplined growth of administrative powers. . . ." Mont. Sen. Admin. P. Subcomm. Rpt. No. 33, 7, 42d Legis., Reg. Sess. (December, 1970) (quoting the Revised Model State Administrative Procedure Act).

¶12 The issues on appeal concern a state agency's implementation of purely state law, a law that has no federal counterpart. Thus, the District Court correctly declined to apply *Chevron's* standard for administrative deference in this case, and examined this case under Montana's deference standard. Administrative rules are invalid when they "(1) engraft additional and contradictory requirements on the statute; or (2) if they engraft additional, noncontradictory requirements on the statute which were not envisioned by the legislature." *Bell v. Dep't of Licensing*, 182 Mont. 21, 23, 594 P.2d 331, 333 (1979) (citations and

quotations omitted); *Safeway, Inc. v. Montana Petroleum Release Compensation Bd.*, 281 Mont. 189, 194, 931 P.2d 1327, 1330 (1997). Regulations that are consistent with the statute must also be reasonably necessary to effectuate the statute's purpose. Section 2-4-305(6)(b), MCA; *Michels v. Dep't of Social and Rehabilitation Servs.*, 187 Mont. 173, 177-78, 609 P.2d 271, 273 (1980).

¶13 When a department's regulation restricts a broad statutory exemption, that regulation is in direct conflict with the statute. *Thompson*, ¶¶ 19-23. In *Bell*, the statute required that a barber college operator have 10 years' experience and be able to withstand character investigation by the Board of Barbers. *Bell*, 182 Mont. at 23, 594 P.2d at 333. When the Department of Licensing required these same operators to pass an examination, we found that this additional requirement was not contemplated by the Legislature, and was therefore invalid. *Bell*, 182 Mont. at 23, 594 P.2d at 333. In *Michels*, a regulation required indigent persons to provide notice within five days of medical care in order for the State to cover the costs of such care. *Michels*, 187 Mont. at 173, 609 P.2d at 271. The statute in that case provided broad medical coverage for indigent persons, so we invalidated the five day limit, holding that such regulations were not reasonable to effectuate the purpose of the statute. *Michels*, 187 Mont. at 178, 609 P.2d at 273 ("[I]n what way is this ideal [providing medical care to indigent persons] furthered by distinguishing between those who apply for the benefits within five days of receiving medical services and those who apply after five days?").

¶14 *Did the District Court correctly conclude that the Department's regulation defining "goodwill" is invalid because it conflicts with § 15-6-218(2)(b), MCA?*

¶15 Section 15-6-218(2)(b), MCA, broadly exempts goodwill as a subclass of intangible personal property. The Department's regulation defines goodwill as "booked goodwill" that can only be valued with the purchase price accounting method. Admin. R. M. 42.22.101(10). We read § 15-6-218(2), MCA, as a broad statutory tax exemption for all valuable goodwill.

¶16 The requirement for purchase price accounting of goodwill imposes a restriction on a broad statutory exemption, and thus constitutes an additional requirement. While the Department's method of valuation is the most common way to measure goodwill, it is not the only acceptable method. *Baldwin v. Stuber*, 187 Mont. 430, 433, 610 P.2d 160, 162 (1980). Because of the difficulty in valuing this particular intangible, we have held that "each goodwill case must be determined on its own facts and circumstances, and the determination of the value of goodwill is a question for the trier of fact. . . ." *Baldwin*, 187 Mont. at 432, 610 P.2d at 161. But the Department's regulation allows for no such leeway, and restricts goodwill to calculation by only one method. This restriction constitutes an additional requirement analogous to the barber's test in *Bell* or the five day rule in *Michels*.

¶17 The Department argues that it must specify the type of information that taxpayers provide to demonstrate the value of intangibles. But this does not grant the Department authority to entirely exclude alternative methods of valuation. Plaintiffs are entitled to have their goodwill valued in a method of their choosing, and the Department is free to dispute

7

that valuation by relying on its preferred accounting method. However, the actual value of goodwill is left to the trier of fact, not the rulemaking processes of the Department.

¶18 Finally, the Department contends that its additional standard is reasonable to effectuate the purpose of the statute because the purchase price accounting method provides certainty and consistency in the valuation of goodwill. But the goodwill exemption's statutory purpose is to give a broad exemption to all intangible personal property, including valuable goodwill. As in *Michels*, we question whether mandating a specific accounting method and prohibiting taxpayers from using alternative methods in any way furthers the Legislature's purpose of granting broad exemption to goodwill. We conclude it does not. The regulation restricts a taxpayer's ability to consult other methods for valuation, and could hinder a fair and accurate determination of value. This was not the original purpose of the exemption as contemplated by the Legislature.

¶19 We do not rule that the Department must use all available methods to value goodwill. We simply hold that the Department may not define goodwill in a way that precludes a taxpayer from proposing alternative methodology or information relating to valuable goodwill.

¶20 *Did the District Court correctly conclude that the Department's regulation defining "intangible personal property" is invalid because it conflicts with § 15-6-218(2)(a), MCA?*

¶21 Section 15-6-218, MCA, imposes two requirements on intangible personal property: That it have no intrinsic value but is the representative of value, or that it lack physical existence. The statute also contains a non-exhaustive list of property that is considered

8

intangible personal property. The Department's regulation requires that intangible personal property satisfy all of the following: (1) Be separable from the other assets in the unit; (2) be able to be bought and sold without impairing value of assets; (3) must create earnings that exceed their contributory value to the unit, and; (4) must not have "intangible value," which is the value of an entity to make excess revenues over the normal rate of return. Admin. R. M. 42.22.101(12).

¶22 The Department's definitions impose requirements that directly contradict the statute's non-exhaustive list of intangible personal property. Plaintiffs' FCC licenses may be exempted by the statute, but under the Department's rules are only exempt if they can be bought and sold without destroying the unit value of assets. Other intangible personal property, like trade names or an assembled workforce, also fit the statutory definition, but do not fit the Department's rules because they are either inseparable from the business' asset, or their separation will impair the business asset. The Department's distinction between intangible property and intangible value appears to sweep up goodwill, as goodwill is often defined by its ability to make excess revenues over the normal rate of return. *See In re Marriage of Hull*, 219 Mont. 480, 487-88, 712 P.2d 1317, 1322-23 (1985).

¶23 The Department contends that, although its regulations read alone would contradict the statutory list, it would never interpret its regulations to tax any of the items on the list. Further, the Department states that it did not incorporate the list because it is bound against repeating statutory language in its regulations under § 2-4-305(2),MCA. This position suffers from two flaws of reasoning. First, and crucial to this issue, the Department's

9

argument misunderstands the nature of a non-exhaustive list. The list itself illustrates applicable examples of the Legislature's chosen definition; it does not merely designate those few items that must be exempted by the Department. *State v. Good*, 2004 MT 296, ¶ 17, 323 Mont. 378, 100 P.3d 644; *Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 100, 61 S. Ct. 1, 4 (1941) ("[T]he term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle."). Accordingly, any rule defining intangible personal property must be consistent with the principle that the list represents. The Department cannot save its regulations by declining to enforce them against items on the statutory list; the fact that it must decline enforcement proves non-conformity with the statute's definitions.

¶24 Second, the prohibition on repeating statutory language limits "unnecessarily" repeating the statutory language. Section 2-4-305(2), MCA. Here, even the Department's own administrators misunderstand how the new regulations interact with the statutory list. ("Q: So, applying this definition to an FCC license, an FCC license would not be exempt if you apply this? A: Yeah, the FCC license would be exempt because it meets the list." "Q: [I]s it your understanding that goodwill would satisfy that part of the intangible personal property definition? A: I don't believe you can hold goodwill separate, no."). In this instance, repetition of the statute is needed to ensure consistent and clear application of the statute and regulation. However, even if the Department repeated the statutory list in its regulations, it is still prohibited from formulating rules contradictory to that list, or the law illustrated by the list.

¶25 The District Court correctly determined that the Department's definition of intangible personal property contradicted state law, and was invalid under MAPA.

¶26 *Did the District Court correctly conclude that the valuation manuals adopted by the Department are invalid to the extent they support its new rules?*

¶27 Both parties agree that the NCUVS and WSATA handbooks are only challenged to the extent that they are used to enforce the Department's new definitions of intangible personal property and goodwill. Because we find those definitions invalid, these handbooks are also invalid to the extent that they conflict with state law.

## CONCLUSION

¶28 The judgment of the District Court is affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER

11