JUSTICE REGNIER
delivered the opinion of the Court.
¶1 On October 24,1995, Richard Joyce filed this action in the Thirteenth Judicial District Court, Yellowstone County, against H.L. Garnaas to recover damages for professional negligence. The case was subsequently moved to the Fourth Judicial District Court, Missoula County, following a stipulation for a change of venue. Garnaas thereafter moved for summary judgment on the grounds that Joyce’s suit was barred by the ten-year statute of repose applicable to actions for legal malpractice. The District Court granted Garnaas’s motion on December 2,1997, and Joyce appeals. We affirm. ¶2 The sole issue on appeal is whether the District Court erred when it granted Garnaas’s motion for summary judgment.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On July 4,1978, Joyce was involved in a traffic accident in which the motorcycle he was driving collided with a vehicle driven by Edward John Glenn. Joyce’s attorney, H.L. Garnaas, filed a negligence action against Glenn on Joyce’s behalf on July 2,1981, just prior to the expiration of the applicable three-year statute of limitations. The District Court issued a summons on July 2, 1981, the same day that Garnaas filed the complaint. It is undisputed that Garnaas never served the summons and complaint upon the defendant, and thereby failed to comply with the provisions of Rule 41(e), M.R.Civ.P, which mandate that a defendant be served with a summons within three years of its issuance. On January 13,1993, the District Court issued an order advising that Joyce’s action would “be dismissed without prejudice twenty (20) days from the date of this Order unless farther pleadings are filed with the Clerk of Court.” Garnaas filed no further pleadings in this case.
¶4 Joyce filed the present suit on October 24,1995, alleging professional negligence on Garnaas’s part in connection with the dismissal of his personal injury action against Glenn. In his complaint, Joyce asserted that Garnaas never told him “of his failure to serve the defendant,” and instead “represented to Joyce that the case was pro *200 ceeding and was being defended by the Garlington firm of Missoula, Montana.” Joyce alleged he was damaged because Garnaas’s negligence in the underlying suit has “forever precluded” him “from recovering damages for the injuries [he] suffered in the July 4, 1978 wreck.”
¶5 Garnaas filed his answer on September 10,1996. He later moved for permission to file an amended answer, asking that he be permitted to plead “as affirmative defenses the statute of limitations and the statute of repose applicable to allegations of attorney negligence.” The District Court granted Garnaas’s motion, and Garnaas filed an amended answer on March 18,1997.
¶6 On March 24,1997, Garnaas filed a motion for summary judgment on the grounds that the ten-year statute of repose for legal malpractice actions, codified at § 27-2-206, MCA, barred Joyce’s suit. On December 2, 1997, the District Court issued an order granting Garnaas’s motion for summary judgment. The District Court entered a judgment in Garnaas’s favor on December 16, 1997, and ordered that Joyce’s action be dismissed. Joyce filed his notice of appeal on December 31,1997.
STANDARD OF REVIEW
¶7 This Court’s standard of review in appeals from summary judgment rulings is de novo. See Treichel v. State Farm Mut. Auto. Ins. Co. (1997), 280 Mont. 443, 446, 930 P.2d 661, 663 (citingMotarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). This Court reviews a summary judgment order entered pursuant to Rule 56, M.R.Civ.P, based on the same criteria applied by the district court. See Treichel, 280 Mont. at 446, 930 P.2d at 663 (citing Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903).
In proving that summary judgment is appropriate:
The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. [This Court] reviews the legal determinations made by the district court as to whether the court erred.
Bruner, 272 Mont. at 264-65, 900 P.2d at 903.
*201 ¶8 The “moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the moving party to judgment as a matter of law and all reasonable inferences are to be drawn in favor of the party opposing summary judgment.” Kolar v. Bergo (1996), 280 Mont. 262, 266, 929 P.2d 867, 869.
DISCUSSION
¶9 The sole issue raised on appeal is whether the District Court erred when it granted Garnaas’s motion for summary judgment. Joyce assigns error to the District Court based on two theories. First, that the District Court erred when it concluded that the statute of repose for legal malpractice requires a dismissal of this action. Second, that the District Court erred when it determined that equity does not act to extend the statute of repose. We will address each theory accordingly.
Did the District Court err when it concluded that the statute of repose for legal malpractice requires a dismissal of this action?
¶10 On December 2, 1997, the District Court granted summary judgment in Garnaas’s favor on the grounds that the ten-year statute of repose which governs actions for legal malpractice bars his action. The court recognized that Rule 41(e), M.R.Civ.P, requires that a summons be served upon a defendant within three years of the date the summons was issued, and observed that a summons had been issued in Joyce’s personal injury suit on July 2, 1981. The court noted that Garnaas had failed to serve the summons upon Glenn within that three-year time period. Because Garnaas failed to serve the summons on or before July 2, 1984, the court reasoned, it was then that Joyce lost his cause of action against Glenn and “the statutes of limitation and repose, as set forth in MCA § 27-2-206, began to accrue as of July 3,1984.” The District Court determined that “[t]he present legal malpractice action was filed on October 24, 1995, which was eleven and one[-]third years after the legal malpractice action accrued based on the failure to timely serve the summons.” The court thus concluded that Joyce’s legal malpractice action had accrued on July 3, 1984, more than eleven years before he filed his complaint on October 24, 1995. Because more than ten years had passed between the time Joyce’s cause of action had accrued and the filing of his complaint, the District Court concluded that the absolute bar imposed by the *202 ten-year statute of repose contained in § 27-2-206, MCA, precluded Joyce from maintaining an action against Garnaas.
¶11 On appeal, Joyce argues that the District Court erred when it granted Garnaas’s motion for summary judgment because he claims he acquired a second cause of action against Garnaas on July 4,1994. Because of this second cause of action against Garnaas, Joyce claims that the District Court erred when it concluded that he failed to initiate his malpractice suit within the periods of limitation set forth in § 27-2-206, MCA. More specifically, Joyce asserts that he lost his personal injury cause of action against Glenn on July 2,1984, and that his original cause of action against Garnaas for malpractice thus accrued on July 3, 1984. From that point forward, Joyce argues, Garnaas had a further duty, based on their fiduciary relationship, to inform Joyce that his cause of action against Glenn had been lost. Joyce contends that Garnaas breached that duty, however, and never told him of his failure to serve the summons. Joyce maintains that Garnaas affirmatively concealed his own negligence from Joyce because he “inquired of Garnaas on numerous occasions as to the progress of his lawsuit against Glenn,” but Garnaas simply assured him his suit was ongoing and that further proceedings were pending. In short, Joyce claims that he has three distinct causes of action in his favor; one against Glenn and two against Garnaas.
¶12 The time within which an action for professional negligence against an attorney must be brought is set forth in § 27-2-206, MCA. That statute provides:
An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person’s alleged professional negligent act or for error or omission in the person’s practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.
The last phrase of the statute articulates the unconditional ten-year statute of repose. The act, error, or omission of which Joyce complains is that which “precluded [Joyce] from recovering damages for the injuries suffered in the July 4,1978 wreck.” The only act, error, or omission by Garnaas which could be said to have precluded Joyce from recovering damages was the failure to serve the summons and complaint within the three years allowed by Rule 41(e), M.R.Civ.R, on or *203 before July 2,1984. Therefore, we agree with the District Court that the statutes of limitations and of repose began to run on July 3,1984. The ten years allowed by the statute of repose expired on July 3,1994, over a year before the action was filed. Because the statute of repose provides “in no case may the action be commenced after 10 years,” the time bar is absolute. Moreover, a failure to discover the alleged negligent act until after the statute of repose had run would not toll the statute.
¶13 As we stated in Blackburn v. Blue Mountain Women’s Clinic (1997), 286 Mont. 60, 951 P.2d 1, after considering the statute of repose, § 27-2-205(1), MCA, applicable in medical malpractice cases:
In the absence of specific statutory language to the contrary, a statute of repose such as the one codified in § 27-2-205(1), MCA, is not subject to tolling. See First United Methodist Church of Hyattsville v. United States Gypsum Co. (4th Cir. 1989), 882 F.2d 862, 866, cert. denied (1990), 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020.
Blackburn, 286 Mont. at 73, 951 P.2d at 9. Because § 27-2-206, MCA, has no tolling provision related to the statute of repose it, unlike the statute of repose applicable to medical malpractice cases, is not subject to tolling. See Blackburn, 286 Mont. at 73, 951 P.2d at 9.
¶14 In Blackburn, we relied upon the Fourth Circuit case of First United Methodist Church of Hyattsville v. United States Gypsum Co. (4th Cir. 1989), 882 F.2d 862, 866, cert. denied (1990), 493 U.S. 1070, 110 S. Ct. 1113, 107 L. Ed. 2d 1020. The court inFirsi United Methodist Church discussed the rationale behind statutes of repose. After noting that a statute of limitations is a procedural device which operates as a defense to limit the remedy available from an existing cause of action, the court described statutes of repose as follows:
A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims. Statutes of repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. Thus, as a general rule, a statute of limitations is tolled by a *204 defendant’s fraudulent concealment of a plaintiffs injury because it would be inequitable to allow a defendant to use a statute intended as a device of fairness to perpetrate a fraud. Conversely, a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body.
First United Methodist Church, 882 F.2d at 866 (citations omitted; emphasis added).
¶15 The three-year statute of limitations for legal malpractice actions contains a built-in tolling mechanism for a defendant’s fraudulent concealment of a plaintiff’s injury. That is, a statute of limitations does not begin to run until the plaintiff discovers, or with reasonable diligence should have discovered, the act, error, or omission. As the court in First United Methodist Church noted, not to provide some tolling for a statute of limitations in those circumstances would inequitably allow the defendant to use the statute, intended as a device of fairness, to perpetrate a fraud. On the other hand, the ten-year statute of repose is the “absolute time limit beyond which liability no longer exists.” First United Methodist Church, 882 F.2d at 866. Not even fraudulent concealment can toll the statute of repose.
¶16 We have examined statutes of repose in different contexts in Montana. In Association of Unit Owners v. Big Sky of Montana, Inc. (1990), 245 Mont. 64, 80, 798 P.2d 1018, 1027, we considered § 27-2-208, MCA, which deals with commencement of actions for improvements to real property and the applicable ten-year statute of repose. We stated that even if late discovery of the facts caused an extension of the time for commencement of the action, “in no event” could the action be commenced longer than ten years after the date of the injury. See Association of Unit Owners, 245 Mont. at 80, 798 P.2d at 1028.
¶17 In apparent recognition of the clear mandatory nature of the statute of repose in this case, Joyce seeks to avoid its strictures by asserting a basis for recovery apart from Garnaas’s failure to timely serve the summons in the underlying action. Originally, Joyce asserted that Garnaas did not tell him of his failure to serve the defendant and represented to Joyce that the case was proceeding. Joyce now describes a second cause of action against Garnaas as being for the subsequent failure of Garnaas to inform Joyce of the true status of his injury case and, therefore, depriving him of recovery against Garnaas for malpractice. The essence of Joyce’s “second cause of ac *205 tion” theory is that if an attorney conceals a potential claim against him for some negligent act, a second action arises for breach of a duty to disclose.
¶ 18 However, as the District Court correctly found, the omission giving rise to the claim of legal malpractice against Garnaas was the failure to have the summons served within the three-year limitation. It is from this “omission” that both the statute of limitations and the statute of repose are measured. The statute of limitations does not commence until the plaintiff discovers or through the use of reasonable diligence should have discovered the “omission.” We agree with Garnaas that the “discovery” aspect of this statute thus takes into account the precise circumstances which extend the time for filing that Joyce relies upon in his “second cause of action”; the failure to inform or concealment from Joyce that the summons was not served. Joyce argues that the concealment of a claim is a separate tort which resets the start date for purposes of the statutes of limitations and repose, rather than being a circumstance in itself which tolls the statute of limitations. However, to accept Joyce’s argument concerning when the statute starts to run in these kinds of cases would mean that the statutes of limitations and repose would be essentially eliminated. A claimant would simply have to claim that he or she was not told of the negligence of the attorney in order to overcome the untimeliness of his or her action.
¶ 19 Garnaas’s breach of his responsibility to tell Joyce of the failure to serve the summons occurred at the time the underlying action was lost for failure to serve the summons, and not years later. Therefore, the accrual of any action for failure to notify Joyce that his legal malpractice claim had accrued was July 3, 1984. There is no separate claim for the failure to disclose the effect of not serving the summons within three years which is in addition to the claim for the alleged malpractice; any such claim is subsumed within the initial malpractice. Accordingly, we conclude that because of the passing of the statute of repose, Joyce’s claim against Garnaas has been lost.

Did the District Court err when it determined that equity does not act to extend the statute of repose?

¶20 Joyce alternatively argues that an attorney who intentionally misleads a client about the status of that client’s caséis not entitled to the protection afforded by the statute of repose, and asks this Court to afford him equitable relief from the otherwise absolute ten-year stat *206 ute of repose codified at § 27-2-206, MCA. Asserting that Garnaas purposely misled him regarding the status of his personal injury suit against Glenn, Joyce urges this Court to consider two possible equitable remedies. First, Joyce suggests that an attorney who intentionally misleads his or her client about the true status of the case is not entitled to claim the benefit of the statute of repose because “no one can take advantage of his wrong” according to § 1-3-208, MCA. Second, Joyce suggests that we should rule that Garnaas is equitably estopped from asserting the statute of repose. Joyce cites Billings Post No. 1634 v. Department of Revenue (1997), 284 Mont. 84, 90, 943 P.2d 517, 520, to support his proposition that equitable estoppel is invoked to “promote justice, honesty, and fair dealing; the purpose of the doctrine ... is to prevent a party from taking unconscionable advantage of his or her wrong while asserting a strict legal right.” Joyce urges us to apply the statute of limitations fraudulent concealment doctrine found at § 27-2-102(3)(b), MCA, to toll the ten-year statute of repose so that Garnaas cannot take advantage of his wrong (concealment) while asserting a strict legal right (statute of repose).
¶21 The District Court considered this equitable argument and concluded that it must fail because the ten-year statute of repose is absolute. Joyce suggests that § 27-2-102(3)(b), MCA, which allows for a tolling of the statute of limitations for fraudulent concealment should apply to this case to toll the statutes of limitations and repose because of Garnaas’s alleged fraudulent concealment of the facts of Joyce’s second cause of action against him. Joyce urges us to conclude that a defendant cannot fraudulently conceal a matter for a sufficient time to exceed the statute of repose and thereby take advantage of his or her own wrong. However, § 27-2-102(3)(b), MCA, does not apply to legal malpractice actions. Actions for legal malpractice are covered in part two of the statute of limitations chapter of the Montana Code Annotated, and are governed by § 27-2-206, MCA. Section 27-2-206, MCA, incorporates the tolling principle that an action for legal malpractice must be commenced within three years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, regardless of whether it was actually concealed. But in no case does the statute allow an action to commence after ten years from the date of the act, error, or omission.
¶22 As we discussed previously, there is no provision in § 27-2-206, MCA, which allows fraudulent concealment to be a cause for the tolling of the statutes of limitations or repose. As we stated in Blackburn, *207 286 Mont. at 73, 951 P.2d at 9, a statute of repose is not tolled without the presence of modifying or limiting language. There is no such language in § 27-2-206, MCA. Although the Legislature specifically adopted the fraudulent concealment tolling provision with regard to the statute of repose in medical malpractice cases (see § 27-2-205, MCA), it specifically did not adopt that provision with regard to the statute of repose for legal malpractice. Aside from incorporating a tolling provision for discovery by reasonable diligence of the act, error, or omission, the Legislature specifically stated that “in no case may the action be commenced after ten years from the date of the act, error, or omission.” Section § 27-2-206, MCA.
¶23 We agree with the District Court that the omission in this case which gives rise to a claim for legal malpractice was Garnaas’s failure to have the summons served within the three-year time limitation. Even Joyce’s allegations of continuing fraudulent concealment on the part of Garnaas cannot be remedied by the statutory language of § 27-2-206, MCA. Moreover, we have previously rejected a similar argument in Schneider v. Leaphart(1987), 228 Mont. 483, 743 P.2d 613. Joyce’s argument that Garnaas’s acts of concealment continued as late as January 13, 1993, must fail because Joyce’s claims for damages against Garnaas for not informing him of the legal malpractice relate back to the date the summons was not served. Accordingly, we agree with the District Court that principles of equity do not extend the statute of repose because Joyce cannot claim any actual damages separate and apart from Garnaas’s original omission.
¶24 The judgment of the District Court is affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, HUNT, LEAPHART and NELSON concur.