No. DA 06-0063

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 317

NEIL E. SNYDER,

      Plaintiff and Appellant,

  v.

SUE ANN LOVE and JARDINE, STEPHENSON,
BLEWETT and WEAVER, P.C.,

      Defendants and Respondents.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DV 2002-034,
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Robert J. Emmons, Attorney at Law, Great Falls, Montana

      For Respondent:

         Michael F. McMahon, Hughes, Kellner, Sullivan & Alke, PLLP,
Helena, Montana

Submitted on Briefs:  October 3, 2006

Decided:   December 5, 2006

Filed:

_____
              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Neil E. Snyder ("Neil") appeals from the District Court's December 21, 2005 final judgment ("judgment") dismissing his Complaint, as amended, with prejudice. This judgment followed entry of the court's December 7, 2005 Order on Motion to Dismiss setting forth the background of this case and the rationale of the court granting Sue Ann Love's ("Love") and Jardine, Stephenson, Blewett and Weaver, P.C.'s ("JSBW") (collectively "Respondents") motion to dismiss based on M. R. Civ. P. 12(b)(6) ("Order"). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Neil's Complaint was filed on August 21, 2002, and his Amended Complaint was filed on September 22, 2005. Respondents were named as defendants. Love was at all times under consideration an attorney licensed to practice law in Montana and employed by JSBW. In response to Neil's Complaint and Amended Complaint, Respondents moved to dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6). Neil opposed Respondents' motion, and, following oral argument, the District Court entered its Order granting Respondents' motion, followed by the judgment. Neil timely appealed.

¶3 In its Order, the District Court found that Love drafted the Last Will and Testament for Neil's mother, Lucille B. Snyder ("Lucille"). The Will was executed on February 24, 1987. Lucille died on November 18, 1992, and her Will was admitted to probate in Cascade County District Court on November 25, 1992. Neil was appointed Personal Representative of his mother's estate.

2

¶4     Lucille's estate included, among other assets, 189 shares of stock in Snyder, Inc. ("Stock").  A disagreement arose between Neil and his sister, Lois K. Snyder ("Lois"), over the interpretation of ¶ 7 of Lucille's Will and the ultimate distribution of the Stock. Neil proposed a distribution-in-kind of the Stock, 51% to him and 49% to Lois, with the remaining assets of Lucille's estate to be divided equally between Neil and his sister. Lois, on the other hand, took the position that she and Neil should each receive one half of their mother's estate, but that Neil's share would include 100% of the Stock.

¶5     Because of their differing positions, Neil ultimately filed in the District Court a Petition for Court Interpretation of Will.  On January 25, 1998, the Honorable Marge Johnson, District Judge, issued her Order adopting Neil's position—i.e., that 51% of the Stock would be distributed to Neil and 49% to Lois.  Lois appealed.  On May 4, 2000, this Court reversed the District Court, holding that the trial court erred when it concluded that Lucille intended to devise 51% of her Stock to Neil with the remaining 49% to Lois. This Court concluded that under Lucille's Will, Neil was to receive 100% of the Stock. *In Re Estate of Snyder*, 2000 MT 113, ¶¶ 16-18, 299 Mont. 421, ¶¶ 16-18, 2 P.3d  238, ¶¶ 16-18.

¶6     Our decision prompted Neil to file suit against Respondents, alleging professional negligence in the drafting of Lucille's Will.  As noted above, Neil's Complaint was filed on August 21, 2002, and his Amended Complaint was filed on September 22, 2005.

## DISCUSSION

¶7     Our standard of review in cases such as the one *sub judice* is set forth in *Willson v. Taylor*, 194 Mont. 123, 634 P.2d 1180 (1981).  There, we stated:

3

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

*Willson*, 194 Mont. at 126, 634 P.2d at 1182 (citations omitted). Pursuant to this standard of review, we will affirm the trial court's dismissal for failure to state a claim only if we determine that plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. Inasmuch as the District Court's determination that a complaint fails to state a claim is a conclusion of law, our review is de novo. *Powell v. Salvation Army*, 287 Mont. 99, 102, 951 P.2d 1352, 1354 (1997) (citations omitted).

¶8 Section 27-2-206, MCA, sets forth the time limits for filing actions alleging legal malpractice. This statute, in pertinent part, provides:

> **Actions for legal malpractice.** An action against an attorney licensed to practice law in Montana . . . based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

¶9 As noted by the District Court, § 27-2-206, MCA, sets forth two independent timing requirements for filing legal malpractice actions: a three-year statute of limitations and a ten-year statute of repose. With regard to the three-year statute of limitations, in *Watkins Trust v. Lacosta*, 2004 MT 144, 321 Mont. 432, 92 P.3d 620, we stated that the "discovery rule" begins the statute of limitations upon the discovery of the negligent act, while the "accrual rule" provides that the statute of limitations begins when all the

4

elements of a claim, including damages, have occurred.  Thus, for legal malpractice actions, the three-year statute of limitations does not begin to run until both the "discovery rule" and the "accrual rule" have been satisfied—that is, until the negligence was, or should have been, discovered, and all elements of the legal malpractice claim, including damages, have occurred.  *Watkins Trust*, ¶¶ 39-40.

¶10    A different rule, however, pertains where the unconditional ten-year statute of repose is implicated.  We discussed this provision of § 27-2-206, MCA, in *Joyce v. Garnaas*, 1999 MT 170, 295 Mont. 198, 983 P.2d 369.  There, we stated:

> A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. Statutes of limitations are motivated by considerations of fairness to defendants and are intended to encourage prompt resolution of disputes by providing a simple procedural mechanism to dispose of stale claims. Statutes of repose are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. *Thus, as a general rule, a statute of limitations is tolled by a defendant's fraudulent concealment of a plaintiff's injury because it would be inequitable to allow a defendant to use a statute intended as a device of fairness to perpetrate a fraud.  Conversely, a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body.*

*Joyce,* ¶ 14 (quoting *Blackburn v. Blue Mountain Women's Clinic*, 286 Mont. 60, 951 P.2d 1 (1997), which, in turn, relied upon a Fourth Circuit case, *First United Methodist Church of Hyattsville v. United States Gypsum, Co.*, 882 F.2d 862, 866 (4th Cir. 1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)) (emphasis in original).

¶11 Neil's Complaint and Amended Complaint alleged that Love was negligent when she drafted and had Lucille sign her Last Will and Testament on February 24, 1987. Neil alleged that Love committed professional malpractice by failing to draft the Will so as to specifically bequeath 51% of the Stock to Neil and 49% of the Stock to Lois, with the remaining assets to be divided equally between the two. Accordingly, based on the allegations in Neil's Complaint and Amended Complaint, the unconditional ten-year statute of repose commenced running on February 24, 1987, the date of Love's alleged act, error, or omission. Section 27-2-206, MCA; *Joyce*, ¶ 12.

¶12 Neil argues that the District Court erred in holding that the ten-year statute of repose commenced to run on February 24, 1987, because that date is over five years before Lucille died on November 18, 1992. Neil maintains that the statute of repose could not, therefore, begin to run any earlier than the day after Lucille's death, November 19, 1992, and, consequently, would have expired on November 18, 2002. Hence, Neil contends that his Complaint filed August 21, 2002, some 89 days prior to November 18, 2002, was timely filed before the expiration of the ten-year statute of repose.

¶13 It is undisputed, however, that Neil alleged at ¶ 22 of his Complaint and in his Amended Complaint that Love was negligent on February 24, 1987—"Sue Ann Love was **negligent** when she drafted and had Lucille B. Snyder sign her Last Will and Testament on February 24, 1987." (Emphasis in original.)

¶14 Notwithstanding, in ¶ 23 of his Complaint and Amended Complaint, Neil alleged that his damages were not caused until this Court's decision in *In Re Estate of Snyder* was handed down on May 4, 2000. In support of this approach, Neil requested the District

Court to apply our decisions in *Uhler v. Doak*, 268 Mont. 191, 885 P.2d 1297 (1994), and in *Watkins Trust*, both of which dealt with questions involving the application of the three-year statute of limitations, not the ten-year statute of repose. Specifically, in the trial court, Neil insisted that the ten-year statute of repose could not have begun on February 24, 1987, because he did not incur damages until the date this Court determined that he was to receive 100% of the shares of the Stock. In so doing, Neil effectively argues the "accrual rule" tolls the running of the ten-year statute of repose in the same way that we have applied that rule in cases where the three-year statute of limitations is at issue. *See Uhler,* 268 Mont. at 200, 885 P.2d at 1303; *Watkins Trust*, ¶¶ 52-53.

¶15 Neil's argument is, however, not well taken. Section 27-2-206, MCA, unambiguously provides that "in no case" may the action be commenced after ten years from the date of the act, error, or omission. Similarly, we stated in *Joyce* that the unconditional statute of repose is not subject to tolling "for any reason because to do so would upset the economic balance struck by the legislative body." *Joyce*, ¶ 14 (citations omitted). Indeed, as we noted, "the ten-year statute of repose is the 'absolute time limit beyond which liability no longer exists.' . . . Not even fraudulent concealment can toll the statute of repose." *Joyce*, ¶ 15 (citation omitted).

¶16 Under the plain language of this statute, neither the "discovery rule" nor the "accrual rule" apply to toll the running of the statue of repose. Quite simply, the statute of repose is a "substantive grant[] of immunity . . . [and] a time limit beyond which liability no longer exists." *Joyce*, ¶ 14 (citation omitted). The statute of repose is "typically an absolute time limit beyond which liability no longer exists and is not tolled

7

for any reason because to do so would upset the economic balance struck by the legislative body." *Joyce*, ¶ 14 (citations omitted). Under § 27-2-206, MCA, the statute of repose runs from the "date of the act, error or omission" constituting legal malpractice—here alleged in Neil's Complaint and Amended Complaint to be February 24, 1987.

¶17    In his Amended Complaint, Neil also alleges that Love is estopped from raising the statute of repose based on principles of equitable estoppel. Neil maintains that because another attorney employed by JSBW led Neil to believe that Lucille's Will was drafted such that Neil would inherit 51% of the Stock and Lois, 49%, Love is estopped from now raising the statutory bar of repose. Again, we disagree. This Court disposed of a similar argument in *Joyce*, noting that "principles of equity do not extend the statute of repose . . . ." *Joyce*, ¶ 23.

¶18    Based on the allegations in Neil's Complaint and Amended Complaint—that Love's negligent act, error or omission occurred on February 24, 1987—and the fact that he filed his Complaint for legal malpractice against Love on August 21, 2002, some five and one-half years after the running of the ten-year unconditional statute of repose, we agree with the trial court that Neil's Complaint and Amended Complaint fail to state a claim upon which relief can be granted. Accordingly, we hold that the District Court did not err in granting Respondents' Motion to Dismiss under M. R. Civ. P. 12(b)(6).

¶19    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE