FILED

02/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0186

DA 16-0186

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 20

HILL COUNTY HIGH SCHOOL DISTRICT NO. A,

     Plaintiff and Appellant,

    v.

DICK ANDERSON CONSTRUCTION, INC.,
and SPRINGER GROUP ARCHITECTS, P.C.,

     Defendants and Appellees.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV-11-163
Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Thomas D. "Todd" Shea, Jr., Shea Law Firm, PLLC, Bozeman, Montana

     For Appellees:

     Steve W. Reida, Alexander L. Roots, Landoe, Brown, Planalp & Reida,
P.C., Bozeman, Montana

     Jon A. Wilson, Brett C. Jensen, Brown Law Firm, P.C., Billings, Montana

Submitted on Briefs:  December 7, 2016

Decided:  February 7, 2017

Filed:

                                   Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Hill County High School District No. A filed suit after Havre High School's roof—which Dick Anderson Construction, Inc., built and Springer Group Architects, P.C., designed—partially collapsed in 2010.  The Twelfth Judicial District Court granted Anderson and Springer summary judgment after concluding that the statute of repose time-barred the School District's claims. We address the following issues on appeal:

> *1.  Whether the District Court correctly held that the statute of repose barred the School District's claims;*
>
> *2.  Whether the District Court correctly held that the period of repose could not be tolled;*
>
> *3.  Whether the District Court correctly awarded Springer attorney fees under the contract.*

¶2     We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     The School District entered into a contract with Springer in 1996 to design a new roof for Havre High School.  The School District then entered into a contract with Anderson in 1997 to construct the roof.  Anderson began construction in June 1997.  The expected completion date for the project was October 1997.  It is undisputed that the project was not completed by that point, but the parties dispute whether the project ever was "completed."  Nevertheless, a final walkthrough occurred in January 1998 in which the parties discussed various punch list items that needed to be addressed.  The school was in full use by April 1998 and the School District issued final payment around that same time.

2

¶4 Problems emerged with the new roof almost immediately. For example, the roof leaked, shingles and ridge caps fell off, interior vertical and horizontal beams were twisted, several vertical beams were not properly attached to the flooring, and a portion of the roof began to pull away from a wall. Springer and Anderson worked with the School District to address the various problems beginning in 1998. In October 2003, Springer informed the School District that repairs were finished and that no further work was necessary. After a heavy snowstorm in December 2010, 6,000 square feet of the roof collapsed.

¶5 The School District filed suit in December 2011. Its amended complaint alleged negligence, breach of express and implied warranty, breach of contract, negligent misrepresentation, deceit, and fraud. Springer and Anderson filed motions to dismiss—which the District Court converted to motions for summary judgment—asserting that the action was barred by the passage of time. The court granted Springer and Anderson summary judgment. It concluded that § 27-2-208, MCA, barred the School District's claims because the roof was "completed," within the meaning of the statute, in 1998. The court concluded also that alleged fraudulent concealment would not toll the statute of repose under § 27-2-208, MCA. Finally, the court awarded Springer attorney fees pursuant to the contract between Springer and the School District. The School District claims error in each ruling.

## STANDARDS OF REVIEW

¶6 We review summary judgment rulings de novo, applying the standards set forth in M. R. Civ. P. 56(c)(3). *Bird v. Cascade Cnty.*, 2016 MT 345, ¶ 9, 386 Mont. 69, 386 P.3d 602. Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Bird*, ¶ 9. Once the moving party has met its burden, the opposing party must present material and substantial evidence to raise a genuine issue of material fact. *Bird*, ¶ 9. We will draw all reasonable inferences from the offered evidence in favor of the party opposing summary judgment; but conclusory statements, speculative assertions, and mere denials are insufficient to defeat a motion for summary judgment. *Bird*, ¶ 9.

¶7 We review a district court's conclusions of law to determine whether they are correct. *Bird*, ¶ 9. A decision on a request for an award of attorney fees is reviewed for an abuse of discretion unless a contract requires an award of fees, in which case a district court lacks discretion to deny the request. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 15, 370 Mont. 103, 304 P.3d 375.

## DISCUSSION

¶8 *1. Whether the District Court correctly held that the statute of repose barred the School District's claims.*

¶9 The District Court concluded that the roof was completed in 1998 and thus the School District's claims were barred under the ten-year statute of repose found at § 27-2-208, MCA. The court first determined that the statute's definition of

4

"completion" "indicates [that] perfect performance is not required but instead that the construction of real property be usable for the purpose for which it is intended." The court concluded that the "purpose of the roofing project in this case is to shelter the building's occupants and its contents from the elements." Acknowledging that "Springer and Anderson may have performed their obligation poorly," the court found undisputed evidence that the School District began using the roof for its intended purpose in April of 1998. As such, the District Court concluded that § 27-2-208, MCA, barred the School District's claims and granted Springer and Anderson summary judgment.

¶10 On appeal, the School District argues that questions of fact exist regarding when, or even if, the roof was completed; the District Court therefore erred in granting Springer and Anderson summary judgment. The School District asserts that it submitted substantial evidence that the project was never completed because the roof had significant defects that were never resolved by Springer and Anderson. And, the School District contends, the roof did not meet its intended purpose because it did not shelter the building from the elements. The School District emphasizes that Springer and Anderson never issued a certificate of completion. Finally, the School District claims that because Springer and Anderson continued to work on the roof until 2003, it cannot be said that the collapse of the roof arose out of their work on the project in 1998.

¶11 In construing a statute, we look first "to the plain meaning" of its language. *Eldorado Coop Canal Co. v. Hoge*, 2016 MT 145, ¶ 18, 383 Mont. 523, 373 P.3d 836 (citation and internal quotations omitted). We also interpret a statute "as part of a whole

5

statutory scheme and construe it so as to forward the purpose of that scheme." *Eldorado*

*Coop Canal Co.*, ¶ 18 (citation and internal quotations omitted).

¶12     Statutes of repose create "a substantive right in those protected to be free from liability after a legislatively-determined period of time." *Joyce v. Garnaas*, 1999 MT 170, ¶ 14, 295 Mont. 198, 983 P.2d 369 (citation omitted).  Such statutes "are based on considerations of the economic best interests of the public as a whole and are substantive grants of immunity based on a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists." *Joyce*, ¶ 14 (citation omitted).

¶13     The statute of repose applicable to improvements to real property provides, in pertinent part, that "an action to recover damages . . . resulting from or arising out of the design . . . [or] construction . . . of any improvement to real property . . . may not be commenced more than 10 years after completion of the improvement."  Section 27-2-208(1), MCA.  The statute expressly defines "completion" as "that degree of completion at which the owner can utilize the improvement for the purpose for which it was intended or when a completion certificate is executed, whichever is earlier."  Section 27-2-208(4)(a), MCA.  Section 27-2-208, MCA, thus poses "an absolute bar to bringing a claim for construction-related damages more than ten years after construction is completed."  *Hein v. Sott*, 2015 MT 196, ¶ 11, 380 Mont. 85, 353 P.3d 494; *accord Ass'n of Unit Owners of Deer Lodge Condominium v. Big Sky*, 245 Mont. 64, 80, 798 P.2d

6

1018, 1028 (1990) (citing § 27-2-208, MCA, to conclude that "in no event shall any cause be commenced more than ten years after the completion of the improvement").

¶14 It is undisputed that neither Anderson nor Springer ever executed a completion certificate for the project. In determining whether the roof was completed pursuant to the statute, the District Court hence focused its inquiry on whether the School District could utilize the roof for its intended purpose.

¶15 The School District's argument that the roof was not complete pursuant to § 27-2-208(4)(a), MCA, because the roof needed repairs conflicts with the statute's plain language. Section 27-2-208(4)(a) requires a "*degree* of completion at which the owner can utilize the improvement for the purpose for which it was intended." (Emphasis added.) The statute does not require that an improvement be finished to the owner's final satisfaction. It requires instead that the improvement can be used for its intended purpose. As the District Court noted, "the School District's interpretation of the statute would require any unsatisfactorily completed construction project to extend the statute of repose *ad infinitum* based upon any subsequent repair work done by the original contractor or engineer." Such an interpretation runs counter to both the statute's plain language and the purpose of the statute of repose.

¶16 Although the School District relies heavily on the ongoing issues with the roof, it has failed to raise a genuine issue of material fact regarding whether the roof could be utilized for the purpose for which it was intended in April 1998. As Richard Floren—the School District's representative overseeing the project—testified during his deposition,

7

the High School was in full use by that time. The evidence demonstrates that the roof had been installed and the School District was putting the roof to use for its intended purpose in April 1998, and the roof was therefore completed as defined by the statute. Facts showing the School District's dissatisfaction with the roof's condition and that the roof continued to leak do not present substantial evidence that the roof was incomplete within the meaning of § 27-2-208(4)(a), MCA. *See Hein*, ¶¶ 4, 11 (concluding that § 27-2-208, MCA, barred claims related to the construction of a home even though ongoing repairs were made to the home following its completion, and even though the roof leaked due to improper ventilation). Rather, as the District Court stressed, the need for ongoing repairs to the roof would show at most that Springer and Anderson completed their jobs inadequately. Finally, the School District recognized that the roof was completed in the late 1990s. In a 2003 letter to Springer, Floren expressed thanks to Anderson "for finding solutions to a project they *completed* several years ago." (Emphasis added.)

¶17 The District Court was correct when it held that Springer and Anderson completed the roof pursuant to § 27-2-208, MCA, in April 1998. Accordingly, the District Court correctly concluded that the School District's claims were barred by the statute of repose.

¶18 *2. Whether the District Court correctly held that the period of repose could not be tolled.*

¶19 In concluding that alleged fraudulent concealment or late discovery of facts would not toll the statute of repose, the District Court emphasized that the School District had not alleged "that the fraudulent or deceitful conduct created some separate injury as opposed to the injury allegedly caused by the roofing project." Accordingly, the court

8

concluded, the School District's allegation that Springer and Anderson deceitfully concealed problems with the roof "does not circumvent the statute of repose and consequently all of the claims are barred because they still relate to [the] roofing project that was completed in 1998." Relying on *Hein*, *Big Sky*, and *Snyder v. Love*, 2006 MT 317, 335 Mont. 49, 153 P.3d 571, the court concluded that § 27-2-208, MCA, may "not be extended even if a party is late in discovering facts."

¶20 The School District argues that the District Court erred in concluding that § 27-2-208, MCA, could not be tolled. The School District first contends that the court's reliance on *Hein*, *Big Sky*, and *Snyder* was misplaced because those cases are distinguishable. The School District next asserts that § 27-2-102, MCA, sets forth rules for determining when an action must be commenced. That statute, the School District contends, applies to § 27-2-208, MCA, and makes clear that the limitation period does not begin on any claim until the facts constituting the claim are discovered. The School District alleges that Springer and Anderson concealed relevant information regarding its claims because the School District was unaware that certain structural features were not installed on the roof. Thus, the School District claims that the statute of repose should have been tolled.

¶21 We are unpersuaded by the School District's arguments. In *Big Sky*, we held unequivocally that "§ 27-2-208, MCA, provides . . . that . . . *in no event* shall any cause be commenced more than ten years after the completion of the improvement." *Big Sky*, 245 Mont. at 80, 798 P.2d at 1028 (emphasis added). We reiterated in *Hein* that the

9

"statute of repose is *an absolute bar* to bringing a claim for construction-related damages more than ten years after construction is completed." *Hein*, ¶ 11 (citing *Big Sky*, 245 Mont. at 80, 798 P.2d at 1028) (emphasis added). Significantly, we concluded in *Hein* that the period of repose under § 27-2-208, MCA, "will not be extended *even if* a party is late in discovering facts." *Hein*, ¶ 11 (citing *Big Sky*, 245 Mont. at 80, 798 P.2d at 1028; *Snyder*, ¶ 15) (emphasis added). Our explicit holdings regarding § 27-2-208, MCA, in *Big Sky* and *Hein* are directly on point.

¶22 Our reasoning in *Snyder* also is persuasive, even though it dealt with the statute of repose for legal malpractice actions under § 27-2-206, MCA. In *Snyder*, we reaffirmed that a "statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled *for any reason* because to do so would upset the economic balance struck by the legislative body." *Snyder*, ¶ 16 (citation and internal quotations omitted) (emphasis added); *accord Blackburn v. Blue Mt. Women's Clinic*, 286 Mont. 60, 73, 951 P.2d 1, 9 (1997) ("In the absence of specific statutory language to the contrary, a statute of repose such as the one codified in § 27-2-205(1), MCA, is not subject to tolling."). Similar to *Hein*, we concluded that § 27-2-206, MCA, was an "absolute time limit beyond which liability no longer exists." *Snyder*, ¶ 15 (citation and internal quotations omitted). As such, we confirmed that "[n]ot even fraudulent concealment can toll the statute of repose." *Snyder*, ¶ 15 (citation and internal quotations omitted).

¶23 Section 27-2-208, MCA, serves as "an absolute bar" to the School District's claims because, as the District Court correctly held, the School District filed the claims

10

more than ten years after construction was completed. *Hein*, ¶ 11; *accord Big Sky*, 245 Mont. at 80, 798 P.2d at 1028. The statute bars the School District's claims even if it did not discover, or Anderson and Springer concealed, relevant facts. *Hein*, ¶ 11; *Snyder*, ¶ 15. The District Court correctly concluded that the period of repose could not be tolled.

¶24 *3. Whether the District Court correctly awarded Springer attorney fees under the contract.*

¶25 The contract between Springer and the School District provides in pertinent part:

> Should litigation or arbitration occur between the two parties relating to the provisions of this Agreement, all reasonable litigation or arbitration expenses, collection expenses, witness fees, court costs and attorneys [sic] fees incurred by the prevailing party shall be paid by the non-prevailing party to the prevailing party.

In concluding that Springer was entitled to fees for defending the instant action, the District Court noted that the attorney fees clause "covers any litigation 'relating to the provisions' of the agreement." The court determined that the provisions of the contract related to "Springer's work reroofing Havre High School." The court held that all of the School District's claims "relate in some fashion to Springer's work on the roof of the high school and this work is expressly covered by the contract." Because the court's order regarding the statute of repose barred all the School District's claims, the court concluded that its "grant of summary judgment was sufficiently related to the provisions of the contract." Thus, the District Court awarded Springer its attorney fees.

¶26 The School District asserts first that Springer is not entitled to attorney fees because the litigated claims arose after the term of the contract. The School District next claims that the litigation does not relate to the contract because it did not rely on any

11

provisions in the contract in its claims against Springer, Springer did not defend based on any contract provisions, and the District Court's order granting summary judgment did not analyze any contract provision. Thus, the School District contends that the contract does not cover any of the claims litigated, and attorney fees therefore may not be awarded under the contract.

¶27 A court must award attorney fees if a contract provides for their recovery. *Wittich Law Firm, P.C.*, ¶ 15. The interpretation of a contract is a question of law that we review for correctness. *Hurly v. Lake Cabin Dev., LLC*, 2012 MT 77, ¶ 14, 364 Mont. 425, 276 P.3d 854.

¶28 The contract provides that attorney fees "shall be paid by the non-prevailing party" in litigation relating "to the provisions" of the contract. The litigation clearly relates to the provisions of the contract. First, the School District's amended complaint included a claim for breach of contract. In addition, the contract is the basis for Springer designing the roof. Springer's alleged failure to do what it promised in the contract is the basis for the School District's lawsuit. The contract obligated the School District, as the non-prevailing party, to pay Springer its attorney fees. Thus, the District Court did not have discretion to deny Springer its attorney fees and properly awarded them.

## CONCLUSION

¶29 We affirm the District Court's grant of summary judgment to Springer and Anderson and its award of attorney fees to Springer.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

Justice Michael E Wheat, dissenting.

¶30   I dissent from the Court's decision to affirm the grants of summary judgment to Anderson and Springer because I believe the School District's evidence regarding when its cause of action accrued presented a genuine issue of material fact which precluded summary judgment.  I would reverse and remand.

¶31   The District Court expressly found that from 1997, when the school roof project was initiated "to stop the immediate leaking" of the existing roof, through 2003, the School District repeatedly reported problems with the new roof to Anderson and Springer, including that the roof leaked, lost shingles and flashing, and at one point a portion of the roof had separated from the wall.  The court also noted that the School District advised the contractor and architect that the roof system had crooked and inadequate horizontal and vertical support beams and that some beams were detached from the floor.  Anderson and Springer responded by performing certain repairs, but rejected other complaints, assuring the School District that the beams were sufficient to support the roof and needed no further repair.  A certificate of completion was never

13

issued by Springer or Anderson. The School District continued to endure problems with the roof until its 2010 collapse.

¶32 As discussed in the majority Opinion, in reaching its decision, the District Court relied on the statutory definition of "completion" which means "that degree of completion at which the owner can utilize the improvement for the purpose for which it was intended or when a completion certificate is executed, whichever is earlier." Section 27-2-208(4)(a), MCA. The court explained: "[T]he purpose of the roofing project in this case is to shelter the building's occupants and its contents from the elements." The District Court concluded that the project satisfied this intended purpose in 1998 thereby rendering the School District's 2011 complaint untimely under the "10 years after completion" statute of repose. Section 27-2-208(1), MCA.

¶33 The record reveals that the School District notified Springer in a 1998 letter that the roof was leaking "as badly as it always did" and it was "raining under the vestibule." Again, in 1999, the School District alerted Springer that the vestibule roof continued to heavily leak during any rain. The School District presented evidence that to control the leaking water from the ineffective roof construction and protect the building and its contents from further damage, the School District had specially-made gutters installed to direct the rain water to a sump pump-controlled barrel. Furthermore, the school placed multiple trash cans and buckets throughout the school to catch the rain leaking from the roof but nonetheless experienced water damage to the building and its contents. I proffer that a jury could conclude that (1) a leaking vestibule was unusable for its intended

14

purpose, i.e., to shelter people from rain and other elements, and (2) a building owner that must place containers throughout a building to capture leaking rain water but still experiences damages is not utilizing a roof "for the purpose for which it is intended."

¶34 The School District also presented evidence that the contractor and architect were advised by the project engineer that additional strap bracing was required to support the new roof (which was built above the original roof) but neither Anderson nor Springer installed the required bracing which, as argued by the School District, caused the roof to collapse. Notably, the School District did not learn that strap bracing was required but not installed until the post-roof collapse investigation in 2010. Under these facts, a jury could find that failure to perform a critical step in the construction of a new roof renders the project incomplete.

¶35 Based upon the evidence presented, a jury reasonably could conclude that the statute of limitations did not begin to run until discovery of the absent strap bracing in 2010 or that the statute of repose began to run in 2003 when the School District ceased its efforts to have Anderson and Springer continue with their ineffectual work on the roof. As such, the School District's action may not be time-barred.

¶36 Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). Here, there is a genuine question as to when the School District's cause of action accrued. When there is conflicting evidence as to when a cause of action accrued, the question of whether an action is barred by the statute of limitations is for the jury to

15

decide. *Nelson v. Nelson*, 2002 MT 151, ¶ 24, 310 Mont. 329, 50 P.3d 139; *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 46, 368 Mont. 330, 296 P.3d 450. This principle applies to questions of material fact vis-à-vis the statute of repose, as well.

¶37 Additionally, it is well-established that in resolving a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences are to be drawn in favor of the party opposing summary judgment. *Harrington v. Crystal Bar, Inc.*, 2013 MT 209, ¶ 9, 371 Mont. 165, 306 P.3d 342. In the case before us, I believe the court failed to view the evidence as to when the School District's cause of action accrued in the light most favorable to the School District.

¶38 Lastly, we have repeatedly held that "Summary judgment is an extreme remedy that should never be a substitute for a trial on the merits if a controversy exists over a material fact." *Harrington*, ¶ 10; *N. Cheyenne Tribe*, ¶ 21.

¶39 For these reasons, I would reverse the District Court and remand for a trial to determine when the School District's cause of action accrued and whether the statutes of limitation and repose bar its claim. I respectfully dissent from the Court's failure to do so.


/S/ MICHAEL E WHEAT


16