FILED

July 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0759

DA 14-0759

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 196

JIM HEIN,

      Plaintiff and Appellant,

    v.

JOHN W. SOTT, d/b/a SOTT HOMES,
and KRUDE KUSTOMS, LLC,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 13-0495
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William M. Gilbert, High Plains Law, PLLC, Billings, Montana

      For Appellees:

          Eric Edward Nord, Tanis M. Holm, Crist, Krogh, Butler & Nord, LLC,
Billings, Montana

Submitted on Briefs:  May 27, 2015
Decided:  July 14, 2015

Filed:

                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    This case arises from a dispute between Jim Hein and John Sott and his companies, Sott Homes and Krude Kustoms, LLC (collectively, "Sott"), builders of Hein's home. Hein appeals the Thirteenth Judicial District Court's July 8, 2013 Order partially granting Sott's Motion to Dismiss, and its September 26, 2014 Order granting Sott's Motion for Summary Judgment. We address the following issues on appeal:

*1. Whether the District Court correctly concluded that Hein's negligence and negligent misrepresentation claims arising from the 2001 construction of his home and the subsequent inspections and repairs were barred by the statute of repose, § 27-2-208, MCA;*

*2. Whether the District Court erred in concluding that Hein's Consumer Protection Act claims arising from the 2001 construction of his home and the subsequent inspections and repairs were barred by the statute of limitations, § 27-2-211, MCA;*

*3. Whether the District Court erred in granting summary judgment because Hein did not provide expert testimony on causation for his Consumer Protection Act claim arising from Sott's alleged breach of contract and deceptive billing practices.*

¶2    We affirm in part, reverse in part, and remand for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    Sott is a general contractor based in Billings, Montana, and the sole owner of Krude Kustoms, LLC, a metal fabricating and trucking firm. In 2001, Hein hired Sott to construct a log home for him. Sott completed the home that same year.

¶4    Each winter following construction of the home, Hein noticed water damage appearing in different areas of the home's tongue and groove ceiling. Each time, Hein asked Sott to do an inspection and, each time, Sott informed Hein that he had repaired the problem. In 2012, after once again noticing water damage, Hein consulted a roofing

2

contractor, Steve Ausen. According to Hein, Ausen discovered that the water damage was caused by improper ventilation in the roof, an issue that Sott never identified.

¶5 In 2011, Hein hired Sott to build an addition to the home (hereinafter, "2011 addition"). In 2013, Sott ceased work on the project before completion. The parties dispute the reason behind Sott's decision not to complete the project: Hein alleges that Sott overbilled for services for which Hein already paid, and Sott claims that he stopped working on the addition because Hein was no longer paying him.

¶6 On April 19, 2013, Hein filed a complaint alleging three counts against Sott: negligence, negligent misrepresentation, and violation of the Montana Consumer Protection Act, § 30-14-103, MCA. Sott moved under M. R. Civ. P. 12(b)(6) to dismiss all of Hein's claims. On July 8, 2013, the District Court issued an order partially granting Sott's motion and dismissing Hein's claims related to the 2001 construction of the home as time-barred under the applicable statute of limitations, § 27-2-204, MCA, and statute of repose, § 27-2-208, MCA. The parties completed discovery and Sott moved for summary judgment on Hein's remaining claims, all arising from the construction of the 2011 addition, on the ground that Hein had not provided expert evidence that Sott's work was either defective or caused Hein damage. On September 26, 2014, the District Court issued an order granting Sott's motion and dismissing Hein's remaining claims. Hein appeals both orders.

3

## STANDARDS OF REVIEW

¶7 We review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. We construe the complaint in the light most favorable to the plaintiff and take all allegations of fact as true. *Plouffe*, ¶ 8 (citations omitted). We also review de novo a district court's grant of summary judgment. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Smith v. Burlington N. & Santa Fe Ry. Co.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639. The interpretation of a statute is a question of law that we review for correctness. *City of Missoula v. Iosefo*, 2014 MT 209, ¶ 8, 376 Mont. 161, 330 P.3d 1180.

## DISCUSSION

¶8 *1. Whether the District Court correctly concluded that Hein's negligence and negligent misrepresentation claims arising from the 2001 construction of his home and the subsequent inspections and repairs were barred by the statute of repose, § 27-2-208, MCA.*

¶9 The statute of limitations for general tort actions, including negligence and negligent misrepresentation, is three years. Section 27-2-204, MCA. The statute of repose for actions for damages arising out of work on improvements to real property, § 27-2-208(1), MCA, provides:

> [A]n action to recover damages . . . resulting from or arising out of the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property . . . may not be commenced more than 10 years after completion of the improvement . . . .

4

Accordingly, even if the statute of limitations is tolled, a tort action related to construction damages may not be brought more than ten years after construction is completed. *See Ass'n of Unit Owners of Deer Lodge Condo. v. Big Sky*, 245 Mont. 64, 80-81, 798 P.2d 1018, 1028 (1990).

¶10 The District Court determined that Hein's negligence and negligent misrepresentation claims arising from water damage to his home are barred by the statutes of limitations and repose because they relate to Sott's construction of Hein's home in 2001. Hein, however, suggests that each of Sott's acts of inspecting, identifying, and failing to repair the alleged problem constitutes either negligence or negligent misrepresentation. Thus, Hein argues, Sott's later acts are not barred by the statute of limitations or statute of repose. Upon reviewing Hein's complaint, however, it is clear that the only injury it alleges with respect to the home's roof is water damage due to Sott's alleged failure to properly vent the roof. The complaint does not allege that any of Sott's subsequent inspections or repairs created a new or separate injury. Accordingly, the District Court did not err in determining that Hein's negligence and negligent misrepresentation claims derive from his 2001 injury.

¶11 The District Court further determined that, even if the statute of limitations was tolled, Hein's claims are barred by the statute of repose because they relate to an injury that occurred more than ten years before Hein filed his complaint. The statute of repose is an absolute bar to bringing a claim for construction-related damages more than ten years after construction is completed. *See Big Sky*, 245 Mont. at 80, 798 P.2d at 1028

5

(stating that, under § 27-2-208, MCA, "any other applicable statute[] of limitation[s] still remains applicable but *in no event* shall any cause be commenced more than ten years after the completion of the improvement") (emphasis added). The statute of repose will not be extended even if a party is late in discovering facts. *Big Sky*, 245 Mont. at 80, 798 P.2d at 1028. *See also Snyder v. Love*, 2006 MT 317, ¶ 15, 335 Mont. 49, 153 P.3d 571 (stating that "not even fraudulent concealment" can toll the ten-year statute of repose under § 27-2-206, MCA) (citations omitted). Hein's complaint, filed on April 19, 2013, states, "The home was completed in 2001." Accordingly, the District Court correctly determined that Hein's negligence and negligent misrepresentation claims arising from water damage to his home are barred by the statute of repose, § 27-2-208, MCA.

¶12 *2. Whether the District Court erred in concluding that Hein's Consumer Protection Act claims arising from the 2001 construction of his home and subsequent inspections and repairs were barred by the statute of limitations, § 27-2-211, MCA.*

¶13 Under Montana's Consumer Protection Act, "unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Section 30-14-103, MCA. The statute of limitations for liabilities created by statute is two years. Section 27-2-211(1)(c), MCA. However, if a defendant "has taken action which prevents the injured party from discovering [an] injury or its cause," the limitations period does not begin "until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party." Section 27-2-102(3)(b), MCA.

6

¶14 Hein argues that the District Court erred in determining that Hein's Consumer Protection Act claims regarding his allegedly faulty roof were time-barred because Sott's deceptive inspections and repairs prevented Hein from discovering the cause of his injury. In his complaint, Hein alleges that he noticed water seeping into his home each winter between 2001 and 2012. Each spring, Hein asked Sott to inspect and repair the damage, and each winter the problem recurred. Hein waited until 2012—eleven years after construction was completed—to ask for a second opinion from a different contractor. Accordingly, Hein did not exercise due diligence to discover the cause of his injury, and the two-year statute of limitations under § 27-2-211(1)(c), MCA, was not tolled by § 27-2-102(3)(b), MCA. The District Court did not err in determining that Hein's Consumer Protection Act claims for damages arising before April 19, 2011, two years before Hein filed his complaint, were barred by the statute of limitations.

¶15 The District Court also concluded that Hein's claims for damages based on inspections and repairs occurring after April 19, 2011, were barred by the statute of limitations, determining that the limitations period began to run in 2001 when construction was completed. Hein argues that a new Consumer Protection Act claim arose from each of Sott's inspections and repairs because each of Sott's inspections and repairs was deceptive. To the extent his complaint alleges separate acts of deception on separate occasions, Hein's Consumer Protection Act claims were not limited to the 2001 construction of his home, but alleged that Sott deceptively represented that he had performed successful repairs. The limitations period for those claims began to run two years before Hein filed his complaint on April 19, 2013. The District Court erred in

7

determining that Hein's Consumer Protection Act claims based on alleged deceptive acts or practices in the performance of repairs that occurred after April 19, 2011, were barred by the two-year statute of limitations.

¶16    3. *Whether the District Court erred in granting summary judgment because Hein did not provide expert testimony on causation for his Consumer Protection Act claim arising from Sott's alleged breach of contract and deceptive billing practices.*

¶17    A plaintiff must provide expert testimony "when the issue presented is sufficiently beyond the common experience of the trier of fact and the expert testimony will assist the trier of fact in determining the issue or understanding the evidence." *Tin Cup Cnty. Water v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶ 44, 347 Mont. 468, 200 P.3d 60 (citation omitted). The District Court determined that Hein was required to produce expert testimony because his Consumer Protection Act claim arising from the 2011 addition was based on his negligence and negligent misrepresentation claims, which assert that Sott did not adhere to a professional standard of care.[1] Hein appeals only the District Court's summary judgment order as it applies to his Consumer Protection Act claim arising from the 2011 addition. He does not appeal the District Court's grant of summary judgment to Sott on Hein's negligence and negligent misrepresentation claims arising from the 2011 addition. Hein argues that the District Court improperly dismissed his Consumer Protection Act claim because that claim is based on Hein's allegation that Sott did not complete work on the 2011 addition for which he was paid and does not require evidence of a professional standard of care.

---

[1] Because the District Court already had dismissed Hein's claims arising from construction of his roof and the subsequent inspections and repairs, its summary judgment order related only to Hein's claims arising from Sott's construction of the 2011 addition.

8

¶18 In his complaint, Hein alleged that Sott "ceased work on the project in early 2013 and, despite repeated promises to Plaintiff to resume work for which [he has] already been paid and to remedy deficient work on the current project, ha[s] never returned," and that Sott "breached [his] agreement with Plaintiff." Hein's complaint also alleges, "Since the beginning of the project, [Sott] has repeatedly billed for 'extras' and work [Sott] claim[s] were not included in the original bid. Plaintiff felt he had no choice but to pay these charges rather than risk [Sott] walking off the job." Irrespective of the District Court's ruling that expert testimony is necessary to prove professional negligence, whether Sott billed for work not included in the bid or received payment for work he did not complete is not "beyond the common experience of the trier of fact." *Tin Cup*, ¶ 44.

¶19 In his opposition to Sott's summary judgment motion, Hein stated, "[T]he heart of [the Consumer Protection Act] claim is that [Sott] accepted deposits and payments for work [he] did not complete." Discussed above, the Consumer Protection Act makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 30-14-103, MCA. The Act defines "trade" and "commerce" as "the advertising, offering for sale, sale, or distribution of any services, any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value, wherever located." Section 30-14-102(8), MCA. We have defined "unfair act or practice" as "one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 203 P.3d 759. Hein's allegation that Sott caused him to suffer "actual damages" by billing for work not included in the bid and by failing to

9

perform a service for which Hein paid states a claim for a Consumer Protection Act violation. This claim is separate from Hein's claim that Sott's work was defective. The District Court erred in determining that Hein was required to produce expert evidence for his Consumer Protection Act claim arising from Sott's billing for work on the 2011 addition.

## CONCLUSION

¶20 We affirm the District Court's dismissal of Hein's negligence and negligent misrepresentation claims arising from water damage to his home and its dismissal of Hein's Consumer Protection Act claims arising from Sott's inspections and repairs that occurred before April 19, 2011. We reverse the District Court's dismissal of Hein's Consumer Protection Act claims arising from Sott's inspections and repairs that occurred after April 19, 2011. We also reverse its grant of summary judgment to Sott on Hein's Consumer Protection Act claim arising from Sott's billing on the 2011 addition. We remand for further proceedings consistent with this Opinion.

/S/ BETH BAKER

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON

10