**FILED**

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0247

DA 20-0247

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 14

The MONTANA INDEPENDENT LIVING
PROJECT, INC., a Montana Non-Profit Corporation,

      Plaintiff and Appellant,

  v.

The CITY OF HELENA, and JOHN DOES I-XXX,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2016-484
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Michael C. Doggett, Doggett Law Offices, Missoula, Montana

      For Appellee:

      Murry Warhank, Erin Lyndes, Jackson, Murdo & Grant, P.C., Helena, Montana

      Thomas J. Jodoin, City Attorney, Iryna O'Connor, Deputy City Attorney, Helena, Montana

          Submitted on Briefs:  December 9, 2020

                Decided:  January 26, 2021

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 The Montana Independent Living Project, Inc. ("MILP") appeals the First Judicial District Court's dismissal of its claim that the City of Helena retaliated against it when the City lowered the priority of MILP's request for funding as a direct result of an unrelated discrimination complaint MILP had filed against the City. The District Court concluded that § 49-2-301, MCA, does not provide a cause of action to non-human entities and dismissed MILP as a plaintiff for lack of standing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2 MILP is a state- and federal-funded non-profit corporation and center for independent living that advocates for people with disabilities in Montana. MILP requested funds from the City in 2014 to purchase a van to transport people with disabilities when City services were not available. The Helena Area Transportation Advisory Committee ("HATAC"), an informal committee of stakeholders that provides non-binding recommendations regarding transportation services to the City, advised the City that it ranked MILP's request as its first priority for funding.

¶3 On February 17, 2015, MILP and its Chief Executive Officer Robert Maffit filed a complaint ("Initial Complaint") with the Montana Human Rights Bureau ("HRB") alleging the City's public transit system had discriminated against people with disabilities by segregating them from others in a new series of bus routes. In a subsequent meeting to

---

[1] Because this case was dismissed pursuant to M. R. Civ. P. 12(b)(6), we draw on the facts alleged in MILP's complaint, which we take as true on consideration of its appeal. *See Hein v. Sott*, 2015 MT 196, ¶ 7, 380 Mont. 85, 353 P.3d 494.

2

establish the City's Transit Development Plan, the City Commission ranked a fixed-route bus line project ahead of MILP's van request, departing from its typical practice of following the HATAC's recommendations. Despite the subordinate ranking, the Montana Department of Transportation funded MILP's request. MILP then voluntarily dismissed its Initial Complaint and filed a new complaint with the HRB. The new complaint ("Retaliation Complaint") alleged that the City violated § 49-2-301, MCA, when, as a direct consequence of MILP's Initial Complaint, it retaliated against MILP by not prioritizing its request for funding.

¶4      As part of its own investigation, MILP filed an open records request with the City, resulting in the discovery of e-mails and other communications it alleges show animus and discriminatory behavior toward MILP and Maffit. MILP claims "[t]he e-mails and the City's other actions showed that the City engaged in a coordinated effort to discredit MILP and the HATAC." The HRB in its decision, however, found no reasonable cause to believe the City had retaliated against either MILP or Maffit. The HRB further concluded that, as a corporation, MILP did not have standing to file a retaliation complaint under § 49-2-301, MCA.

¶5      MILP and Maffit then brought an action in the District Court. The amended complaint alleged retaliation and sought a judicial determination that the HRB's decision was unlawful, incorrect, and an abuse of discretion. MILP moved for partial summary judgment regarding non-human entities' ability to file retaliation complaints under the Montana Human Rights Act ("MHRA"). The City moved to dismiss MILP as a plaintiff and the retaliation count for failure to state a claim. The District Court granted the City's

3

motion to dismiss on November 18, 2019; it concluded that § 49-2-301, MCA, does not allow non-human entities to sue for retaliation and MILP thus had no standing.

¶6     MILP petitioned this Court for supervisory control of the District Court's ruling, which we denied. *See Maffit v. Mont. First Judicial Dist. Ct.*, OP 20-0201, 400 Mont. 556 (Apr. 14, 2020). Maffit then voluntarily dismissed his complaint, and the District Court issued its final Judgment. MILP appeals.

## STANDARD OF REVIEW

¶7     "We review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss." *Hein v. Sott*, 2015 MT 196, ¶ 7, 380 Mont. 85, 353 P.3d 494 (citation omitted). "The correct interpretation of a statute is a question of law that we review de novo." *Bates v. Neva*, 2014 MT 336, ¶ 9, 377 Mont. 350, 339 P.3d 1265 (citation omitted).

## DISCUSSION

¶8     *May a non-human entity file a complaint for retaliation under the Montana Human Rights Act, § 49-2-301, MCA?*

¶9     The MHRA provides broad protection from discrimination. *Bates*, ¶ 26. The MHRA includes retaliation against an individual as a prohibited discriminatory practice:

> It is an unlawful discriminatory practice for a person, educational institution, financial institution, or governmental entity or agency to discharge, expel, blacklist, or otherwise discriminate against an individual because the individual has opposed any practices forbidden under this chapter or because the individual has filed a complaint, testified, assisted, or participated in any manner in an investigation or proceeding under this chapter.

Section 49-2-301, MCA. "Person" is defined broadly to include "one or more individuals, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated employees' associations,

4

employers, employment agencies, organizations, or labor organizations." Section 49-2-101(18), MCA. The MHRA does not define "individual."

¶10 The District Court concluded that § 49-2-301, MCA, does not provide standing to non-human entities to file retaliation claims because the legislature explicitly chose to use the word "individual" instead of "person" in that provision. It disagreed with MILP that this interpretation would lead to an absurd result because "[i]t is consistent with the traditional notion of standing. That is, while an advocacy group may file a discrimination claim on behalf of an individual or persons, an individual, not an organization, must show that illegal retaliation is directed at that individual complainant." MILP argues that the District Court's conclusion is erroneous because it does not comport with the MHRA's broad purpose and legislative history or with federal authority that supports a broad implied right of action for retaliation.

¶11 When engaging in the construction of a statute, we look first to its plain language. *Gannett Satellite Info. Network, Inc. v. State*, 2009 MT 5, ¶ 20, 348 Mont. 333, 201 P.3d 132 (citations omitted). Language that is clear and unambiguous, using words' plain and ordinary meanings, requires no further interpretation. *Gannett*, ¶ 20 (citation omitted); *Bates*, ¶ 15 (citation omitted). Our role is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted." Section 1-2-101, MCA. We also construe statutory language as a whole and in light of its surrounding sections to avoid conflicting interpretations. *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003 (citations omitted). We avoid constructions "that render[] any section of the statute

5

superfluous or fail[] to give effect to all of the words used." *Gannett*, ¶ 19; § 1-2-101, MCA ("Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.").

¶12     The plain language of § 49-2-301, MCA, clearly and unambiguously prohibits a "person" from retaliating against an "individual" because "the *individual* has opposed any practices forbidden under this chapter or because the *individual* has" participated in a human rights matter. (Emphasis added.)  By using both "person" and "individual," this provision draws a distinction between the class of actors that potentially could retaliate— any "person"—and the class of discrimination victims against whom retaliation is prohibited—any "individual."   *See* § 1-2-101, MCA; *see also, e.g., Zinvest, LLC v. Gunnersfield Enters.*, 2017 MT 284, ¶ 26, 389 Mont. 334, 405 P.3d 1270 (quoting *Gregg v. Whitefish City Council*, 2004 MT 262, ¶ 38, 323 Mont. 109, 99 P.3d 151) ("Different language is to be given different construction."); *accord Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 219, 173 P.3d 885, 889 (2007) (citations omitted) ("When the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings.").  Because "person" includes both "individuals" *and* non-human entities under the MHRA, § 49-2-101(18), MCA, a construction that included non-human entities in a definition of "individual" would be redundant and impermissibly render that term superfluous. *Bates*, ¶ 18; *see Formicove, Inc. v. Burlington N., Inc.*, 207 Mont. 189, 194, 673 P.2d 469, 471 (1983) (citation omitted) ("We must assume that the legislature does not perform idle acts.").  Applying the MHRA's explicit definition to the plain language of the retaliation statute, the term "individual"

6

undoubtedly has a different and more limited meaning than the term "person." Giving effect to all of the statute's words, we conclude that the more limited meaning clearly and unambiguously excludes non-human entities.

¶13 MILP argues that because § 49-2-501(1), MCA, allows a "person" aggrieved by a discriminatory practice to file a complaint under the MHRA, use of the word "individual" in § 49-2-301, MCA, is irrelevant. But MILP misreads the operative language of § 49-2-501(1), MCA. Title 49, Chapter 2, Part 5, MCA, provides the "Enforcement" mechanisms for illegal discrimination: "[a] person claiming to be aggrieved by *any discriminatory practice prohibited by this chapter* may file a complaint with the department." Section 49-2-501(1), MCA (emphasis added). The provision allows a "person" to file a complaint, but only if the person suffers a "Prohibited Discriminatory Practice[]" as defined by Part 3 of the MHRA. Included among such prohibited practices, § 49-2-301, MCA, proscribes retaliation against "an individual." That individual is the person "aggrieved" by the alleged discriminatory practice. Stated otherwise, the law makes retaliation a prohibited practice only when the retaliation is directed at an individual. We thus find MILP's argument unpersuasive.

¶14 MILP additionally contends that federal authority supports an implied right of action for non-human entities to file retaliation claims if § 49-2-301, MCA, does not. Because § 49-2-301, MCA, clearly and unambiguously prohibits claims by non-human entities, any implied cause of action would be inconsistent with the statute. *See Lyman Creek, LLC v. City of Bozeman*, 2019 MT 243, ¶¶ 17-18, 397 Mont. 365, 450 P.3d 872 (citations omitted). We need not address MILP's additional arguments regarding the legislative history of the

MHRA or other federal authority interpreting the word "individual." *Gannett*, ¶ 20; *State v. Strong*, 2015 MT 251, ¶ 13, 380 Mont. 471, 356 P.3d 1078 (when the plain language of a statute is clear and unambiguous, we need not engage in further construction).[2]

¶15    We will construe the MHRA in favor of the Act's broad "intended protection" against discrimination if the provision at issue is "susceptible to more than one plausible construction." *Bates*, ¶ 26. Here, however, the statutes are clear and unambiguous. We conclude that the plain language of § 49-2-301, MCA, does not permit non-human entities to file retaliation claims under the Montana Human Rights Act. MILP's request for attorneys' fees under the private attorney general doctrine likewise thus fails. *See Faust v. Util. Sols., LLC*, 2007 MT 326, ¶ 18, 340 Mont. 183, 173 P.3d 1183 (citations omitted) (noting that a party "must succeed in some measure in the underlying controversy in order to obtain attorney fees pursuant to the private attorney general doctrine").

## CONCLUSION

¶16    The District Court was correct when it held that § 49-2-301, MCA, does not allow non-human entities to file retaliation claims under the Montana Human Rights Act. The plain language of the statute allows only an "individual," a natural human person, to seek

---

[2] MILP contends that the related administrative rule and the HRB's application and enforcement of it also support MILP's interpretation of the statute. *See* Admin. R. M. 24.9.603(1) (2017) ("It is unlawful to retaliate against or otherwise discriminate against *a person* because *the person* engages in protected activity.") (emphasis added). MILP raises this argument for the first time on appeal, and we thus decline to address it. *See Mont. Prof'l Sports, LLC v. Nat'l Indoor Football League, LLC*, 2008 MT 98, ¶ 53, 342 Mont. 292, 180 P.3d 1142. An agency in any event may not "engraft additional and contradictory requirements on the statute." *Gold Creek Cellular of Mont. LP v. State*, 2013 MT 273, ¶ 12, 372 Mont. 71, 310 P.3d 533 (citation omitted).

redress for retaliation. We accordingly affirm the District Court's order dismissing MILP as a plaintiff.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

Justice Ingrid Gustafson, concurring.

¶17 I reluctantly concur with the Opinion's interpretation of § 49-2-301, MCA, in light of the definition of "person" contained in § 49-2-101(18), MCA, and the MHRA's failure to define "individual." Despite the plain and unambiguous language defining retaliation as a discriminatory practice against an "individual" as opposed to a "person," in the context of the MHRA's purpose and other provisions within the MHRA, I am not necessarily convinced the Legislature intended this result. It appears fundamentally unfair and at odds with the MHRA's broad purpose and legislative history of preventing discrimination to foreclose an action if a government agency were to withhold funding from an advocacy group in retaliation for its advocacy for a protected class of individuals.

¶18 The broad purpose of MHRA is to prevent discrimination and retaliation for engaging in investigation or protected activities. The MHRA defines prohibited discriminatory practices to include retaliation (§ 49-2-301, MCA); aiding, coercing, or attempting discrimination (§ 49-2-302, MCA); discrimination in employment (§ 49-2-303,

9

MCA); discrimination in public accommodations (§ 49-2-304, MCA); discrimination in housing (§ 49-2-305, MCA), discrimination in financing and credit transactions (§ 49-2-306, MCA); discrimination in education (§ 49-2-307, MCA); discrimination by the state (§ 49-2-308, MCA); discrimination in insurance and retirement plans (§ 49-2-309, MCA), and discrimination based on maternity and pregnancy-related leave (§§ 49-2-310 and -311, MCA).  Pursuant to § 46-2-101(2), MCA, an "aggrieved party" is "a person . . . who has been or is likely to be specially and injuriously affected by a violation of this chapter."  "A person claiming to be aggrieved by *any* discriminatory practice prohibited by this chapter may file a complaint with the department."  Section 49-2-501(1), MCA, (emphasis added).  Section 49-2-501, MCA, does not preclude a "person" from filing a complaint asserting retaliation as discriminatory practices.  Retaliation is a discriminatory practice prohibited by the MHRA.  Section 49-2-301, MCA.  MILP is clearly a "person" pursuant to § 49-2-101(18), MCA, asserting to be aggrieved by a prohibited discriminatory practice of the MHRA.  At best, it seems incongruous to permit an advocacy group such as MILP to file a complaint alleging retaliation, but then define retaliation as being only available to "individuals" rather than "persons," such that despite being permitted to file the claim, the claim cannot survive judgment on the pleadings.  But, based on the clear and unambiguous language of §§ 49-2-101(18) and -301, MCA, that is precisely what the Legislature did.  I seriously question whether the Legislature truly intended advocacy groups and other "persons" to be subject to retaliation for engaging in advocacy for a protected class of individuals with no recourse.

10

¶19 Further, § 49-2-501(2), MCA, permits an advocacy group to file a complaint on behalf of another person, charging any unlawful discrimination under the MHRA. If an advocacy group does so, the advocacy group could then be retaliated against for its advocacy of the aggrieved person and could use evidence of the retaliation to prove the discrimination claim. *See Mahan v. Farmers Union Cent. Exch.*, 235 Mont. 410, 422, 768 P.2d 850, 858 (1989) (discussing the interplay between retaliation and discrimination under the statute and explaining: "Under the [MHRA], acts of retaliation for participating in proceedings before the Human Rights Commission are discrimination actions separate and apart from the claim of discrimination in the original proceedings. It might possibly be considered evidence of bad faith in the original termination of employment as well as in the retaliation."). The advocacy group, however, would then be precluded from bringing a stand-alone retaliation claim. Given the broad purpose of the MHRA and its other statutory provisions, this appears to be a legislative oversight, which has inadvertently been created by piecemeal modifications made in the MHRA over time.

/S/ INGRID GUSTAFSON

Justice Dirk Sandefur joins the Concurrence of Justice Gustafson.

/S/ DIRK M. SANDEFUR

11