FILED

02/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0285

DA 25-0285

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 21

CHRISTOPHER B. ATKINSON and
JENNIFER E. ATKINSON,

        Plaintiffs and Appellants,

   v.

CITY OF LIVINGSTON,
a political subdivision,

        Defendant and Appellee.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV-34-2024-71-NE
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Brian J. Miller, Morrison, Sherwood, Wilson, and Deola PLLP,
Helena, Montana

      For Appellee:

          Brian L. Taylor, Ryan C. Addis, Greyson D. Hill, Taylor Nicastro
Browne LLC, Billings, Montana

               Submitted on Briefs:  January 7, 2026

                       Decided:  February 10, 2026

Filed:

                 _____
                            Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1       Christopher and Jennifer Atkinson (the Atkinsons) appeal from the District Court's order granting summary judgment to the City of Livingston (the City) on their claims for negligence and negligent misrepresentation.  We address the following restated issue:

> *Whether the District Court erred when it held that the statute of repose found in § 27-2-208, MCA (2023), barred the Atkinsons' claims against the City for negligence and negligent misrepresentation.*

Because the claims are barred by the statute of repose set forth in § 27-2-208, MCA (2023),[1] we affirm and do not reach the remaining issues raised on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2       In 2005 and 2006, the City approved the Ridgeview Trails Major Subdivision following conditional preliminary plat approval and final plat approval.  In March 2006, SK Geotechnical prepared, for the subdivision developers and their consultants, a geotechnical evaluation identifying expansive and collapsible soils.  The report was not prepared for the City and was not incorporated into the subdivision approval conditions.

¶3       The developer conveyed Lot 29 of the subdivision to Thomas and Niam Moody in 2006.  In April 2012, the Moodys sold Lot 29 to the Atkinsons.  The geotechnical report was not provided to the Atkinsons at the time of purchase.

¶4       On November 16, 2012, the Atkinsons' contractor applied for and received a building permit from the City to construct a single-family residence on Lot 29.  The permit stated that the applicant and owner were responsible for compliance with applicable

---

[1] All references to § 27-2-208, MCA, herein are to the 2023 version of the statute.

building codes and ordinances. The parties agreed, before the District Court, that the conduct complained of in the action—the City's issuance of the building permit without disclosing the geotechnical report or requiring execution of an acknowledgment agreement—occurred on November 16, 2012.

¶5 The City conducted the inspections required by the adopted building codes during construction. On June 21, 2013, the City issued a Statement of Substantial Completion, certifying that it had performed the required inspections and that, based on those limited inspections, the residence substantially complied with minimum inspection requirements. The statement expressly disclaimed any warranty or guarantee regarding construction quality or full compliance beyond those inspections, and the contractor acknowledged responsibility for compliance with applicable codes.

¶6 In July 2021, the Atkinsons observed cracking and other structural issues in the residence. In late 2023 and early 2024, they obtained records revealing the existence of the 2006 geotechnical report and earlier subdivision-related correspondence concerning soil conditions.

¶7 On April 24, 2024, the Atkinsons filed a complaint against the City, alleging negligence and negligent misrepresentation arising from the City's issuance of a building permit and failure to disclose known adverse soil conditions in the Ridgeview Trails Major Subdivision. By agreement of the parties, the case proceeded directly to cross-motions for summary judgment to resolve threshold legal issues before discovery.

¶8 Following briefing and oral argument, the District Court granted summary judgment to the City, concluding that: (1) the claims were barred by the statute of repose, § 27-2-208,

MCA; (2) the City owed no duty to the Atkinsons; (3) the public duty doctrine barred the claims and no special relationship existed; (4) the Atkinsons had disclaimed claims relating to building permits and inspections; and (5) the geotechnical report was for the exclusive use of the developer and its consultants. The Atkinsons timely appealed.

## STANDARD OF REVIEW

¶9 We review a district court's grant of summary judgment de novo, applying the same criteria as the district court under M. R. Civ. P. 56. *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604. Questions of statutory interpretation and the application of a statute of repose are questions of law reviewed for correctness. *Hein v. Sott*, 2015 MT 196, ¶¶ 7, 9, 380 Mont. 85, 353 P.3d 494.

## DISCUSSION

¶10 *Whether the District Court erred when it held that the statute of repose found in § 27-2-208, MCA (2023), barred the Atkinsons' claims against the City for negligence and negligent misrepresentation.*

¶11 Section 27-2-208(1), MCA, provides that, except as otherwise specified, an action for damages "resulting from or arising out of the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property . . . may not be commenced more than 10 years after completion of the improvement." Montana law characterizes this statute as a substantive grant of immunity that extinguishes liability once the repose period expires. *Hein*, ¶ 11; *Ass'n of Unit Owners of Deer Lodge Condo. v. Big Sky of Mont., Inc.*, 245 Mont. 64, 79-81, 798 P.2d 1018, 1027-28 (1990).

¶12 The Atkinsons claim negligence and negligent misrepresentation, contending the City had a duty to disclose to them its knowledge of expansive and collapsible soils

4

throughout the Ridgeview Trails Major Subdivision when it approved them to build in the subdivision. However, whatever knowledge the City had about the property at that time resulted or arose out of the planning and inspection the City undertook, all of which is governed by § 27-2-208, MCA. Here, the Atkinsons' claims seek recovery for damage to their residence allegedly resulting from the City's permitting and inspection activities and its issuance of a statement of substantial completion. In determining the application of the statute of repose, we look to the gravamen of the claim rather than the label attached. *See Tin Cup Cnty. Water v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶ 25, 347 Mont. 468, 200 P.3d 60. Claims styled as negligence and negligent misrepresentation do not avoid the repose when they arise out of construction-related governmental functions. The City's activities here fall squarely within the statutory language encompassing "planning" and "inspection" related to improvements to real property. Although the parties agreed before the District Court that the alleged wrongful conduct occurred when the City issued its building permit on November 16, 2012, the residence was substantially completed on June 21, 2013, when the City issued its Statement of Substantial Completion, triggering the repose period. *See* § 27-2-208(4)(a), MCA. The Atkinsons did not file suit until April 2024—well beyond the ten-year repose period.

¶13 The Atkinsons argue that § 27-2-208, MCA, does not apply to municipalities because the Legislature intended to protect only private actors. We disagree. The statute contains no municipal exemption. To the contrary, the Legislature expressly included "planning" and "inspection" among the covered activities. Where statutory language is clear and unambiguous, courts may not insert limitations or exclusions that the Legislature

5

chose not to include. Section 1-2-101, MCA; *City of Missoula v. Pope*, 2021 MT 4, ¶¶ 9-10, 402 Mont. 416, 478 P.3d 815. The Atkinsons argue that legislative history demonstrates the Legislature intended § 27-2-208, MCA, to protect only private construction professionals and not municipalities, but legislative history cannot be used to override the plain language of an unambiguous statute. *Pope*, ¶ 10 ("we first examine the plain language of the statute" and "when that language is ambiguous or subject to more than one reasonable interpretation, our interpretation is aided by legislative history" (citing *State v. Legg*, 2004 MT 26, ¶ 27, 319 Mont. 362, 84 P.3d 648)).

¶14 Additionally, none of the exceptions to § 27-2-208(1), MCA, applies. The Atkinsons' claims are not founded upon an instrument in writing, as neither the building permit, the International Residential Code, nor any subdivision-related document created a written obligation running from the City to the Atkinsons. Section 27-2-208(2), MCA, likewise does not apply. For purposes of the statute, the Legislature defined "completion" as "that degree of completion at which the owner can utilize the improvement for the purpose for which it was intended or when a completion certificate is executed, whichever is earlier." Section 27-2-208(4)(a), MCA. Because the City issued its Statement of Substantial Completion on June 21, 2013, and the Atkinsons first observed cracking and structural issues in 2021, the alleged injury did not occur during the tenth year following completion of the improvement as subsection (2) requires. Section 27-2-208(3), MCA, also does not apply because the City was not an owner, tenant, or person in actual possession and control of the improvement at the time any right of action arose.

6

¶15    Because § 27-2-208, MCA, extinguishes the Atkinsons' causes of action as a matter of law, the Court lacks authority to grant relief on any alternative theory. We therefore need not address the remaining arguments concerning duty, the public duty doctrine, disclaimer language, or subdivision review obligations.

## CONCLUSION

¶16    The District Court correctly concluded that the Atkinsons' claims are barred by the statute of repose. The judgment is affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE